ANNA R. BUONO (State Bar No. 232753)
  annabuono@dwt.com
GIANCARLO UREY (State Bar No. 267069)
  giancarlourey@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
MERGERMARKET (U.S.) LTD.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. APPIN,<br><br>                    Plaintiff,<br><br>       vs.<br><br>MERGERMARKET (U.S.) LTD., a New York Corporation, ION TRADING, INC., a New York Corporation, ACURIS INC., a Delaware Corporation, and DOES 110,<br><br>                    Defendants. | Case No. _____<br><br>**DEFENDANT MERGERMARKET (U.S.) LTD.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1332 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Declaration of Giancarlo Urey; Certification of Interested Parties and Corporate Disclosure Statement; and Civil Cover Sheet]<br><br>State Action Filed: April 7, 2023 [Mendocino County Superior Court Case No. 23CV00305] |

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant Mergermarket (U.S.) Ltd. ("Mergermarket") hereby removes to this Court the above-captioned action from the Superior Court of the State of California for the County of Mendocino to the United States District Court for the Northern District of California on the grounds that (1) Plaintiff Ricky Appin ("Plaintiff") is a citizen of a State different from Mergermarket, and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.[1]  In support of this Notice of Removal, Mergermarket alleges as follows:

**SUMMARY OF BASIS FOR REVOVAL**

1.      In the following paragraphs and concurrently filed documents, Mergermarket provides facts and information to support its claim that federal court jurisdiction exists. Mergermarket notes, however, that the allegations of Plaintiff's Complaint—without more—support the conclusion that federal court jurisdiction exists:

- At paragraph 14, Plaintiff alleges she is a citizen of California.

- At paragraphs 15 through 17, Plaintiff alleges that all of the defendants are citizens of states other than California.

- At paragraph 4, Plaintiff alleges that "[a]t the time of her termination," she was "earning a base salary of $200,000 per year."

- At paragraph 12, Plaintiff alleges that her employment was "terminated on September 14, 2022."

Given the amount of Plaintiff's former base salary and the date on which her employment was terminated, to date, her economic damages alone total more than $75,000.  This, coupled

---

[1] Mergermarket preserves all Rule 12(h) objections.  S*ee* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (*quoting Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

with the fact that all defendants are citizen of states other than California, necessarily means that federal court jurisdiction exists.

## JURISDICTION AND VENUE

2.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a).  It is an action in which there is complete diversity between the Plaintiff and Mergermarket (and all other named defendants) and the amount in controversy exceeds $75,000.  Thus, this action is removable pursuant to 28 U.S.C. Section 1441.

3.      Because the state court action is pending in the Superior Court of California, County of Mendocino, removal of the state court action to this District Court is proper under 28 U.S.C. Sections 1441(a) and 1446(a), as said District is the federal judicial district embracing the Mendocino County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(a).

4.      Removal and venue to this District is proper under 28 U.S.C. Section 1391(a)(2) because Plaintiff filed the present case in the Superior Court of the State of California, County of Mendocino, and she further currently resides and was employed within this District.

5.      On or about April 7, 2023, Plaintiff filed the above-captioned action (Civil Case No. 23CV00305) in the Superior Court of the State of California, County of Mendocino ("State Action").  A true and correct copy of the Complaint in the State Action ("Complaint") is attached hereto as **Exhibit A**.  The Complaint alleges eight employment-related causes of action: (1) age discrimination; (2) disability discrimination; (3) interference with the California Family Rights Act ("CFRA"); (4) retaliation in violation of CFRA; (5) gender discrimination; (6) retaliation; (7) wrongful termination in violation of public policy; and (8) breach of contract.  In addition to Mergermarket, Plaintiff named ION Trading, Inc. ("ION Trading"), Acuris, Inc. ("Acuris"), and fictitious defendants Does 1-10.

6.      On June 6, 2023, Plaintiff served a copy of the Complaint on Mergermarket by personal service to its authorized agent through CT Corporation System.  A true and correct copy of the Summons received by Mergermarket in the State Action is attached hereto as **Exhibit C**.  Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28

2

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

U.S.C. Section 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

7.    Mergermarket filed an Answer in the State Action on July 5, 2023.  A true and correct copy of the Answer filed in state court is attached hereto as **Exhibit F**.

8.    The Complaint also names ION Trading as a defendant in this action.  Ion Trading was ostensibly served on June 22, 2023.  Although ION Trading contends that this Court—or any Court in California—lacks personal justification over it, it nevertheless consents to joinder in this removal.  *See* Declaration of Giancarlo Urey ("Urey Decl.") at ¶ 9.

9.    The Complaint also names Acuris as a defendant in this action.  Plaintiff has not produced a proof of service, and, based on information and belief, Acuris has not been served with a copy of the Summons and Complaint in the State Action as of the date of this Notice of Removal.  Acuris's consent to joinder in removal is not necessary.  *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal), *superseded by statute on other grounds*, *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988).

10.    The Complaint also identifies "Does 1-10" as defendants in this action.  Because Does 1-10 are fictitious, and because they have not been served with a copy of the Summons and Complaint in the State Action as of the date of this Notice of Removal, their consent to joinder in removal is not necessary.  *See* 28 U.S.C. Section 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

## DIVERSITY JURISDICTION

11.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a), and is one which may be removed to this Court under 28 U.S.C. Section 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Because the

3

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

State Action is pending in Mendocino County Superior Court, removal of the State Action to this District Court is proper pursuant to 28 U.S.C. Sections 1441(a) and 1446(a).

12.   **Plaintiff is a Citizen of California:**  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *See Bank of N.Y. Mellon v. Nersesian*, No. CV 13-2604 PA (Ex), 2013 WL 8284799, at *7 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Nersesian*, 2013 WL 8284799 at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie* evidence of one's domicile.  *See Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx), 2012 WL 10759737, at *4 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff alleges in the Complaint that "[a]t all relevant times," she "was a resident of the City of Gualala, an unincorporated County of Mendocino, and a citizen of California." (**Ex. A** at ¶ 14.)  Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

13.   **Mergermarket Is a Citizen of the State of New York:**  Mergermarket is both headquartered and incorporated in the State of New York.  Indeed, Mergermarket maintains its corporate headquarters and principal place of business in the State of New York.

14.   Accordingly, for purposes of jurisdiction under 28 U.S.C Section 1332(a), Mergermarket is a citizen of the State of New York.  Mergermarket is not now, or at the time of filing, a citizen of the State of California.  And, in fact, the Complaint alleges that Mergermarket is "a New York corporation" with its "principal place of business" in New York.  (*See* **Ex. A** at ¶ 17.)

15.   **ION Trading Is a Citizen of the States of Illinois and New York:**  ION Trading is incorporated in the State of Illinois and headquartered in the State of New York.  Indeed, ION Trading maintains its United States-based corporate headquarters and principal place of business in the State of New York.

16.   Accordingly, for purposes of jurisdiction under 28 U.S.C Section 1332(a), ION Trading is a citizen of the State of Illinois and the State of New York.  Ion Trading is not now, or

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

at the time of filing, a citizen of the State of California.  While the Complaint incorrectly alleges that Ion Trading is "a New York corporation," it correctly alleges that its "principal place of business" is in New York.  (*See* **Ex. A** at ¶ 15.)

17.   **Plaintiff Alleges that Acuris Is Not a Citizen of California:**  As previously explained (at ¶ 9), based on information and belief, Acuris has not been served with a copy of the Summons and Complaint in the State Action as of the date of this Notice of Removal.  In any event, the Complaint alleges that Acuris is "a Delaware corporation" with its "principal place of business" at "1313 Lord Sterling Road, Washington Crossing, [Pennsylvania] 1987."  (*See* **Ex. A** at ¶ 16.)  Thus, based on Plaintiff's allegations, Acuris is not now, or at the time of filing, a citizen of the State of California.

18.   **Doe Defendants:**  Pursuant to 28 U.S.C. Section 1441(b)(1), "[i]n determining whether a civil action is removable . . . the citizenship of defendants under fictitious names shall be disregarded."  Thus, the fictitious "DOES 1-10" in this action shall be disregarded for determining diversity jurisdiction, and there is a complete diversity between the parties for purposes of removal.

<b>AMOUNT IN CONTROVERSY</b>

19.   With respect to the amount in controversy, the threshold amount is satisfied in this action.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).  In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("[A]ggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).  The amount in controversy "reflects the *maximum* recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis retained) (citing *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

5

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

20. Additionally, Mergermarket need only show by a preponderance of the evidence (*i.e.*, that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). The Supreme Court has held under 28 U.S.C. Section 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. Section 1446(a)). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553.

21. Here, Plaintiff's allegations and the prayer for relief in the Complaint confirm that Plaintiff is seeking in excess of $75,000. The Complaint prays for relief against Mergermarket and other defendants on eight causes of action for the following damages: general damages, special damages, and punitive damages; interest as allowed by law; and costs of suit, including attorneys' fees. (*See* **Ex. A** at ¶¶ 33-34, 42-43, 59-60, 68, 70, 77, 79, 83-84, and Prayer for Relief.)

(a) Plaintiff seeks to recover special damages in the form of lost "past and future earnings, employment benefits, and opportunities." (*See* **Ex. A** at ¶¶ 33, 42, 49, 59, 68, 77, 83, and Prayer for Relief at 2.) The Complaint alleges that Mergermarket "terminated Plaintiff's employment on September 14, 2022." (*Id.* at ¶ 12.) Plaintiff alleges she earned a base salary of "$200,000 per year." (*Id.* at ¶ 4.) Thus, it has been about ten months since the alleged termination and the filing of this Notice of Removal, putting approximate lost earnings at no less than $166,666.67, which alone, exceeds the amount in controversy.

(b) Plaintiff seeks to recover general damages for alleged emotional distress damages in the form of "substantial humiliation, mental anguish, [and] emotional and physical distress." (*See* **Ex. A** at ¶¶ 33, 42, 49, 59, 68, 77, 83, and Prayer for Relief at 1.) Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy).

6

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(c)    Plaintiff seeks to recover "punitive" and "exemplary" damages.  (*See* **Ex. A** at ¶¶ 34, 43, 50, 60, 70, 79, 84, and Prayer for Relief at 3.)  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

(d)    Plaintiff seeks to recover attorneys' fees in connection with her claims. (*See* **Ex. A** at Prayer for Relief at 5.)  It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of the plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *See*, *e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (holding that plaintiffs' pro rata share of statutory attorneys' fees should be included in the jurisdictional amount).  Here, Plaintiff seeks attorneys' fees under the Fair Employment and Housing Act, which contains prevailing party attorneys' fees provisions.  *See* Cal. Gov't Code Section 12965(b).  As federal courts in California have stressed, litigating employment cases "will undoubtedly require substantial effort from counsel," and "attorneys' fees in individual discrimination cases often exceed the damages."  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).  Thus, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they would greatly exceed the $75,000 threshold if calculated through trial.  *See id.* at 1034 (attorneys' fees "necessarily accrue until the action is resolved").

(e)    Plaintiff also seeks "such other and further relief as the Court may deem proper."  (*See* **Ex. A** Prayer for Relief at 6.)  Although uncertain in amount, these additional damages only serve to increase the amount in controversy.  *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended relief sought by Plaintiff," who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

though she pleaded in the complaint that she did not assert a claim for damages in excess of $75,000).

22.     Thus, based on the nature of Plaintiff's allegations and the anticipated relief she will seek—including lost past and future earnings, emotional distress damages, punitive damages, and attorneys' fees—it is apparent that the amount in controversy exceeds $75,000. *See*, *e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (2003) (affirming district court determination that it was "facially apparent" that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).  Moreover, with claims similar to Plaintiff's in the instant action, California juries have awarded plaintiffs damages well in excess of $75,000.  *See Dillon v. Burbank-Glendale-Pasadena Airport Authority*, No. BC386989, 2009 WL 1323588 (Cal. Super. Ct., April 21, 2009) (jury verdict totaling $976,962 for lost earnings, future lost earnings, and past non-economic damages); *Ismen v. Beverly Hospital*, No. BC366198, 2008 WL 4056258 (Cal. Super. Ct., August 13, 2008) (jury verdict totaling $1,180,164 for economic damages for future wage loss, emotional distress, and punitive damages); *Kolas v. Access Business Group LLC*, No. BC362432, 2008 WL 496470 (Cal. Super. Ct., January 14, 2008) (jury verdict totaling $600,000 for lost earnings, future lost earnings, and non-economic damages).  Here, combining Plaintiff's anticipated claims for lost earnings, the jurisdictional minimum is easily satisfied.

23.     As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a), and it is removable under 28 U.S.C. Section 1441.

## **MISCELLANEOUS**

24.     Pursuant to 28 U.S.C. Section 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Mergermarket or otherwise found in the State

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Action court file, and available to Mergermarket at the time of the filing of this removal.  True and correct copies are attached hereto:

| | | |
|---|---|---|
| Ex. A | Plaintiff's Complaint in the State Action; |
| Ex. B | Plaintiff's Proof of Service of Process to Mergermarket; |
| Ex. C | Summons; |
| Ex. D | Civil Case Cover Sheet; |
| Ex. E | Notice of Case Management Conference; and |
| Ex. F | Mergermarket's Answer. |
| Ex. G | Printout of State Action Online Docket |

(*See* Urey Decl. at ¶¶ 2-8.)

25.    Concurrently with the filing of this Notice of Removal, Mergermarket has provided a written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Mendocino County Superior Court.

26.    Mergermarket has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal.

Based on the foregoing, Mergermarket hereby removes this action from the Mendocino County Superior Court to this Court and requests that further proceedings be conducted in this Court as provided by law.

DATED: July 6, 2023

DAVIS WRIGHT TREMAINE LLP
ANNA R. BUONO
GIANCARLO UREY

By:_____
                 Giancarlo Urey

Attorneys for Defendant
MERGERMARKET (U.S.) LTD.

9

NOTICE OF REMOVAL
4894-0826-3533v.6 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899