1  Sarah R. Nichols (SBN 233099)
2  **NICHOLS LAW, P.C.**
   9 Pier, Ste. 100
3  San Francisco California 94111
   Telephone: (415) 710-9116
4  Facsimile: (415) 276-1999
   Email: sarah@nicholslawyer.com

5  Attorney for Plaintiff
6  RICKY L. APPIN

7          IN THE UNITED STATES DISTRICT COURT

8          THE NORTHERN DISTRICT OF CALIFORNIA

9

10 RICKY L. APPIN,                          Case No. 4:23-cv-03372-HSG

11        Plaintiff,                        **DECLARATION OF SARAH NICHOLS IN**
                                            **SUPPORT OF PLAINTIFF'S MOTION**
12        vs.                               **FOR LEAVE TO FILE MOTION FOR**
                                            **RECONSIDERATION**
13 MERGERMARKET (U.S.) LTD., a New York
   Corporation, ION TRADING, INC., a New York
14 Corporation, ACURIS INC., a Delaware       Assigned to Hon. Haywood S. Gilliam, Jr.
   Corporation, and DOES 110,
15                                            State Court Action Filed: April 7, 2023
                                             Removed to Federal Court: July 6, 2023
16        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION  OF S. NICHOLS  ISO PLTF'S  MOTION  FOR LEAVE TO FILE MOTION  FOR**
**RECONSIDERATION**
*Appin v. Mergermarket, et. al.*
Case No. 4:23-cv-03372-HSG

*NICHOLS LAW, P.C.*
*9 PIER, SUITE 100*
*SAN FRANCISCO, CALIFORNIA 94111*

I, Sarah Nichols, declare as follows:

1.     I am an attorney with Nichols Law, P.C., counsel for Plaintiff Ricky L. Appin. I am submitting this declaration in support of Plaintiff's Motion for Leave to File Motion fo Reconsideration of the Court's November 29th, 2023 Order. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to those facts.

2.     On October 13, 2023, Mergermarket (U.S.) Ltd ("Mergermarket") served its Initial Discovery on Plaintiff. Attached hereto as **Exhibit A** is a true and correct copy of Mergermarket's Initial Discovery.  On page 2 of the Initial Discovery provided by Defendant Mergemarket, Kunal Gullapalli, Chief Financial Officer (CFO), of ION Trading, Inc. is listed as a "decision-maker" and believed by Defendant to be "involved in the making of the decisions regarding Plaintiff's employment and the reorganization of Plaintiff's department, which ultimately led to her employment separation."

3.     Assuming Defendant's representation is true, ION Trading, Inc. "purposefully direct[ed]" its activities or "consummate[d] some transaction with" Plaintiff, a California resident. Plaintiff's claims directly arise out of the termination of her employment, in which the ION Trading, Inc. CFO was a decisionmaker. Jurisdiction is reasonable if, under the totality of the circumstances, the defendant could reasonably anticipate being called upon to present a defense in a distant forum. Local jurisdiction is presumably not unreasonable when a non-resident intentionally causes injuries within the forum state. *Colder v. Jones*, 465 U.S. 783, 790 (1984); *Gordy v. Daily News, L.P.*, 95 F.3d 829, 834 (9th Cir. 1996). Because ION Trading, Inc.'s CFO made the decision to terminate Plaintiff's employment, exercising jurisdiction over it is reasonable.

4.     Plaintiff requests that the Court reconsider her request that she be allowed to conduct limited jurisdictional discovery. Plaintiff anticipates this jurisdictional discovery will reveal additional facts demonstrating that ION Trading, Inc. played a key role in Plaintiff's wrongful termination.  At a minimum, the new fact regarding ION Trading, Inc.'s CFO as a decisionmaker in Plaintiff's termination demonstrates that the issue of jurisdiction is in reasonable dispute. The Ninth Circuit has held that jurisdictional discovery is proper when "pertinent facts bearing on the question

NICHOLS LAW, P.C.
9 PIER, SUITE 100
SAN FRANCISCO, CALIFORNIA 94111

---

**DECLARATION OF S. NICHOLS ISO PLTF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** *Appin v. Mergermarket, et. al.*
Case No. 4:23-cv-03372-HSG

of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977). While district court discretion in this area is broad, district courts abuse their discretion by denying discovery "[w]here further discovery on an issue 'might well' demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Arista Music v. Radionomy, Inc.*, No. 16-CV-00951-RS, 2016 WL 3181308, at *2 (N.D. Cal. June 8, 2016). Accordingly, should the Court, on reconsideration, decide that additional jurisdictional discovery is appropriate, Plaintiff requests sixty days to conduct jurisdictional discovery.

5.      Mergermarket and ION Trading, Inc. are represented by the same counsel, who signed both ION Trading, Inc.'s Motion to Dismiss and Mergermarket's Initial Discovery. Attached hereto as **Exhibit B** is a true and correct copy of ION Trading, Inc.'s Motion to Dismiss signed by counsel Giancarlo Urey with Davis Wright Tremaine LLP.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of December 2023, at San Francisco, California.



By: _____

Sarah R. Nichols

NICHOLS LAW, P.C.
9 PIER, SUITE 100
SAN FRANCISCO, CALIFORNIA 94111

**DECLARATION OF S. NICHOLS ISO PLTF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** *Appin v. Mergermarket, et. al.*
Case No. 4:23-cv-03372-HSG

# EXHIBIT A

ANNA R. BUONO (State Bar No. 232753)
   annabuono@dwt.com
GIANCARLO UREY (State Bar No. 267069)
   giancarlourey@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
MERGERMARKET (U.S.) LTD.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. APPIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>MERGERMARKET (U.S.) LTD., a New York Corporation, ION TRADING, INC., a New York Corporation, ACURIS INC., a Delaware Corporation, and DOES 110,<br><br>        Defendants. | Case No. 4:23-cv-03372-HSG<br><br>**MERGERMARKET'S INITIAL DISCOVERY**<br><br>Assigned to Hon. Haywood S. Gilliam, Jr.<br><br>Action Filed:  April 7, 2023<br>Action Removed:  July 6, 2023 |

Pursuant to General Order No. 71, Defendant Mergermarket (U.S.) Ltd. ("Defendant") discloses the following Initial Discovery.

**A.      Defendant's Reservation of Rights.**

This Initial Discovery is based on Defendant's reasonable investigation and inquiries to date. Because discovery is in its earliest stages, Defendant reserves the right to supplement, amend, or otherwise modify this Initial Discovery disclosure.

Defendant discloses this Initial Discovery without waiving or limiting its rights to: (1) object to the discoverability or admission into evidence of any materials or testimony identified herein on the grounds of competency, privilege, the work product doctrine, undue burden, relevance and materiality, hearsay, or any other proper ground; (2) object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding or action; (3) object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) remove from this Initial Discovery any individual if Defendant discovers that the information known by such individual is not discoverable.

Defendant objects to the Initial Discovery requirements to the extent they call for the production of information protected by the attorney-client privilege and/or the attorney work product doctrine, and all requirements will be read to exclude production of information so protected. Defendant further objects to the disclosure of confidential, proprietary, or trade-secret business information in advance of entry of a suitable protective order.

**B.      Information that Defendant Must Produce to Plaintiff.**

Subject to the limitations and objections set forth in Section A, Defendant provides the following information:

**1.      Plaintiff's supervisor(s) and/or manager(s).**

Defendant identifies the following individuals that it believes supervised and/or managed Plaintiff at various points during Plaintiff's employment with Defendant. The individuals named below should be contacted only through Defendant's counsel.

1

MERGERMARKET'S INITIAL DISCOVERY
Case No. 4:23-cv-03372-HSG
4861-4989-6070v.2 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

- **Josh Koshman** (former Editor in Chief – U.S., Defendant)

2

- **Charlie Welsh** (former Editor in Chief, Defendant) (deceased)

3

- **Mark Eissman** (former Compliance & Standards Editor, Defendant) (deceased)

4

- **Ken Meehan** (former Editor in Chief – Fixed Income, Defendant)

5

- **Aja Whitaker-Moore** (former Editor in Chief – Fixed Income, Defendant)

6

- **Yanita Morris** (Chief Content Officer, ION Analytics, Dealogic L.L.C.)

7   Defendant expressly reserves the right to identify and to call as witnesses any additional

8   persons if during the course of discovery and investigation relating to the case it learns that such

9   additional persons supervised and/or managed Plaintiff. Defendant reserves the right to amend

10  and supplement its Initial Discovery as is necessary and appropriate.

11

### 2.    Decision-makers.

12   Defendant identifies the following individuals that it believes were involved in the

13  making of the decisions regarding Plaintiff's employment and the reorganization of Plaintiff's

14  department, which ultimately led to her employment separation. The individuals named below

15  should be contacted only through Defendant's counsel.

16

- **Yanita Morris**

17

- **Kunal Gullapalli** (Chief Financial Officer, ION Trading, Inc.)

18

- **Jody Drulard** (Chief Executive Officer, ION Analytics, Dealogic L.L.C.)

19

- **Mark Seber** (former Human Resources Director, Dealogic L.L.C.)

20

- **Khrystyna Kobryn** (Human Resources Business Partner, ION Analytics,

21     Mergermarket Limited)

22   Defendant expressly reserves the right to identify and to call as witnesses any additional

23  persons if during the course of discovery and investigation relating to the case it learns that such

24  additional persons were decision-makers. Defendant reserves the right to amend and supplement

25  its Initial Discovery as is necessary and appropriate.

26

27

28

MERGERMARKET'S INITIAL DISCOVERY
Case No. 4:23-cv-03372-HSG
4861-4989-6070v.2 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**3.    Individuals Defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit.**

Defendant identifies the following individuals that it believes may have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, including a brief description of the believed knowledge. Other than Plaintiff Ricky L. Appin or unless otherwise specified, the individuals named below should be contacted only through Defendant's counsel.

- **Ricky L. Appin**

Ms. Appin is the Plaintiff in the above-entitled action and has knowledge regarding her claims and alleged damages.

- **Yanita Morris**

Ms. Morris is the Chief Content Officer for the ION Analytics division and was a member of the Acuris group of companies' ("Acuris") Executive Committee. She may have knowledge of the restructuring efforts to reduce overall global headcount and the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation. Ms. Morris also may have knowledge of Defendant's efforts to assist Ms. Appin's transition from a work perspective including the significant efforts to have "Transgender Services" added to the ION group of companies' ("ION Group") medical insurance plan, Plaintiff's choice of doctor covered by the plan, and Plaintiff's compensation. Finally, Ms. Morris may have knowledge of the fact that at all times, Defendant (not ION Trading, Inc., or Acuris, Inc.) employed Plaintiff.

- **Kunal Gullapalli**

Mr. Gullapalli was the Chief Financial Officer for the ION Analytics division. He is now the ION Group Chief Financial Officer. He may have knowledge of the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation and Plaintiff's compensation.

- **Jody Drulard**

Mr. Drulard is the Chief Executive Officer of the ION Analytics division. He may have knowledge of the latter phase of the restructuring efforts to reduce overall global headcount and

MERGERMARKET'S INITIAL DISCOVERY
Case No. 4:23-cv-03372-HSG
4861-4989-6070v.2 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation.

• **Mark Seber**

Mr. Seber is a former Human Resources Director. He may have knowledge of the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation and Defendant's efforts to support Plaintiff's transition.

• **Khrystyna Kobryn**

Ms. Kobryn is a Human Resources Business Partner for the ION Analytics division. She may have knowledge of the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation and Defendant's efforts to support Plaintiff's transition.

• **Aja Whitaker-Moore**

Ms. Whitaker-Moore is the former Editor in Chief of Fixed Income Group for Acuris and was a member of the Acuris Executive Committee. She may have knowledge of the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation.

• **Pete Gannon**

Mr. Gannon is the former Global Head of Content for Acuris. He may have knowledge of the restructuring efforts to reduce overall global headcount and the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation.

• **Mouparna Bandyopadhyay**

Ms. Bandyopadhyay is the Head Content Editor, Equities, for the ION Analytics division. She may have knowledge of the restructuring efforts to reduce overall global headcount.

• **Lucinda Guthrie**

Ms. Guthrie is the Deputy Editor, Equities and Transactions for the ION Analytics division. She may have knowledge of the restructuring efforts to reduce overall global headcount.

• **Marc Katz**

Mr. Katz is the former Managing Director of Americas for Acuris and was a member of

4
MERGERMARKET'S INITIAL DISCOVERY
Case No. 4:23-cv-03372-HSG
4861-4989-6070v.2 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the Acuris Executive Committee. He may have knowledge of the restructuring efforts to reduce overall global headcount.

- **Hamilton Matthews**

Mr. Matthews is the former Chief Executive Offer of Acuris and was a member of the Acuris Executive Committee. He may have knowledge regarding Plaintiff's accusation that he made an alleged promise to "take care of" her when she retired and Defendant's efforts to support Plaintiff's transition.

- **Jonathan Reed**

Mr. Reed is the former Managing Director – Debtwire for Acuris and was a member of the Acuris Executive Committee. He may have knowledge of the restructuring efforts to reduce overall global headcount.

- **Lindsay Jackson**

Ms. Jackson is a former Human Resources Manager – EMEA for Acuris. She may have knowledge of the reorganization of the Content Editing operations, which ultimately led to Plaintiff's employment separation and Defendant's efforts to support Plaintiff's transition.

- **Charlie Warhurst**

Mr. Warhurst is the former Global Financial Controller at Acuris. He may have knowledge of the restructuring efforts to reduce overall global headcount and Plaintiff's compensation. He may also have knowledge of the fact that at all times, Defendant (not ION Trading, Inc., or Acuris, Inc.) employed Plaintiff.

- **Lauren Greaves**

Ms. Greaves is the former Global Head of Human Resources for Acuris and was a member of the Acuris Executive Committee. She may have knowledge of the restructuring efforts to reduce overall global headcount and Defendant's efforts to support Plaintiff's transition.

- **Jonathan Gomer**

Mr. Gomer was the former Chief Financial Officer for the Acuris group of companies and was a member of the Acuris Executive Committee. He may have knowledge of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   restructuring efforts to reduce overall global headcount.

2   &bull;   **Matt Eckstein**

3   Matt Eckstein is the Senior Benefits Manager, Americas for the ION Group. He may
4   have knowledge of the significant efforts to have "Transgender Services" added to the ION
5   Group medical insurance plan, Plaintiff's choice of doctor covered by the plan, and Plaintiff's
6   compensation.

7   &bull;   **Witnesses Disclosed by Plaintiff**

8   Any individual identified by Plaintiff in Plaintiff's Initial Discovery or in the course of
9   discovery may have discoverable information that Defendant might use to support its defense.

10   Defendant expressly reserves the right to identify and to call as witnesses any additional
11   persons if during the course of discovery and investigation relating to the case it learns that such
12   additional persons have knowledge of the facts concerning the claims or defenses at issue in this
13   lawsuit. Defendant reserves the right to amend and supplement its Initial Discovery as is
14   necessary and appropriate.

15   **4.   Third-party applications.**

16   Defendant is unaware whether Plaintiff has applied for disability benefits and/or social
17   security disability benefits after her employment separation from Mergermarket. On information
18   and belief, Plaintiff may have applied for unemployment insurance benefits. Defendant has not
19   provided information to a third-party concerning Plaintiff at this time.

20   Defendant reserves the right to amend and supplement its Initial Discovery as is
21   necessary and appropriate.

22   //

23   //

24   //

25   //

26   //

27   //

28

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.      **Documents That Defendant Must Produce to Plaintiff.**

In conjunction with Defendant's Initial Discovery, Defendant will produce documents to Plaintiff pursuant to General Order No. 71, Part 2, Section 2, in its current possession, custody, or control. Defendant will continue to produce responsive, non-privileged documents on a rolling basis.

DATED: October 13, 2023                     DAVIS WRIGHT TREMAINE LLP
                                            ANNA R. BUONO
                                            GIANCARLO UREY


                                            By: */S/ Giancarlo Urey*_____

                                            Attorneys for Defendant
                                            MERGERMARKET (U.S.) LTD.

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT B

ANNA R. BUONO (State Bar No. 232753)
  annabuono@dwt.com
GIANCARLO UREY (State Bar No. 267069)
  giancarlourey@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MERGERMARKET (U.S.) LTD. and
ION TRADING, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. APPIN,<br><br>              Plaintiff,<br><br>   vs.<br><br>MERGERMARKET (U.S.) LTD., a New York Corporation, ION TRADING, INC., a New York Corporation, ACURIS INC., a Delaware Corporation, and DOES 110,<br><br>              Defendants. | Case No. 4:23:cv-03372-HSG<br><br>**SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Fed. R. Civ. Proc. 12(b)(2)]<br><br>Date:       November 9, 2023<br>Time:      2:00 p.m.<br>Courtroom:  2 (4th Floor)<br><br>Assigned to Hon. Haywood S. Gilliam, Jr.<br><br>State Court Action Filed: April 7, 2023<br>Removed to Federal Court: July 6, 2023 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 9, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, at the Oakland Courthouse of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 2 (Fourth Floor), Specially-Appearing Defendant ION Trading, Inc. ("ION Trading") will, and hereby does, move the Court for an Order dismissing ION Trading pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

This Motion is made on the grounds that the Court lacks specific and general personal jurisdiction over ION Trading. Specifically:

1.    The Court lacks general jurisdiction because ION Trading is not incorporated in California, does not have its principal place of business in California, nor has it conducted business with California that would approximate a physical presence sufficient to confer general jurisdiction; and

2.    There is no basis for specific jurisdiction over ION Trading because it has not purposefully availed itself or purposefully directed activities in California, nor do Plaintiff Ricky L. Appin's claims arise from any conduct by ION Trading within California.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Colm Casey, the pleadings and papers on file in this action, and such further argument and evidence the Court may consider.

DATED: August 17, 2023

DAVIS WRIGHT TREMAINE LLP
ANNA R. BUONO
GIANCARLO UREY

By: _____
             Giancarlo Urey

Attorneys for Defendants
MERGERMARKET (U.S.) LTD. and ION TRADING, INC.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.      INTRODUCTION.............................................................................................1

II.     ISSUES TO BE DECIDED................................................................................1

III.    STATEMENT OF RELEVANT FACTS ..........................................................1

        A.      ION Trading, Inc.'s Lack of Contacts in California ..............................1

        B.      Plaintiff and the Allegations in the Complaint ....................................3

IV.     NO BASIS EXISTS FOR THE COURT TO ASSERT JURISDICTION OVER ION
        TRADING .........................................................................................................3

                1.      The Court Lacks General Jurisdiction Over ION Trading. ..........5

                2.      The Court Lacks Specific Jurisdiction Over ION Trading. ..........7

                        a.      Plaintiff Cannot Prove That ION Trading Performed an Act
                                or Consummated a Transaction in California to
                                Purposefully Avail Itself of the Privileges of Conducting
                                Activities in California ........................................................ 8

                        b.      Plaintiff Cannot Prove That Her Claims Arise Out of
                                Forum-Related Activities .................................................. 10

                        c.      Exercising Jurisdiction Over ION Trading in This Forum
                                Offends Fair Play and Substantial Justice ........................ 11

V.      CONCLUSION ................................................................................................13

i

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*,
    1 F.3d 848 (9th Cir. 1993)...................................................................................... 5, 7

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
    223 F.3d 1082 (9th Cir. 2000).............................................................................. 5, 10

*Bojorquez v. Abercrombie & Fitch, Co.*,
    193 F. Supp. 3d 1117 (C.D. Cal. 2016)..................................................................... 6

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008).................................................................................... 3

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986)................................................................................ 5, 7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ....................................................................................... 4, 8, 10

*Calder v. Jones*,
    465 U.S. 783 (1984) .................................................................................................. 8

*Chaiken v. VV Pub.*,
    119 F.3d 1018 (2d Cir. 1997)................................................................................... 11

*Church of Scientology of Cal. v. Adams*,
    584 F.2d 893 (9th Cir. 1978)..................................................................................... 8

*Clemens v. McNamee*,
    615 F.3d 374 (5th Cir. 2010)..................................................................................... 9

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993).............................................................................. 11, 12

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .......................................................................................... 4, 5, 6

*Doe v. Am. Nat'l Red Cross*,
    112 F.3d 1048 (9th Cir. 1997)................................................................................. 11

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*,
    284 F.3d 1114 (9th Cir. 2002)....................................................................... 4, 5, 7, 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) .................................................................................. 5

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945) .................................................................................. 4

*Kellman v. Whole Foods Mkt., Inc.*,
    313 F. Supp. 3d 1031 (N.D. Cal. 2018) ................................................. 5

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    243 F. Supp. 2d 1073 (C.D. Cal. 2003) ............................................... 10

*Rano v. Sipa Press, Inc.*,
    987 F.2d 580 (9th Cir. 1993) .................................................................. 4

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................... 4, 5, 8, 9

*Terracom v. Valley Nat. Bank*,
    49 F.3d 555 (9th Cir. 1995) ...................................................... 10, 11, 12

*Warner Bros. Home Entm't v. Shi*,
    No. CV 12-07753 DMG, 2013 WL 12116586 (C.D. Cal. Feb. 22, 2013) .............................. 9

*World-Wide Volkswagen v. Woodson*,
    444 U.S. 286 (1980) .................................................................................. 4

*Yahoo! Inc. v. La Ligue Contr le Racisme et L'antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ................................................................ 4

**Statutes**

California Code of Civil Procedure § 410.10 ................................................... 4

**Rules**

Federal Rules of Civil Procedure
    4(k) ............................................................................................................ 4
    12(b)(2) ............................................................................................ 1, 3, 5

**Constitutional Provisions**

United States Constitution ............................................................................. 4

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Jurisdiction does not exist over ION Trading, Inc. ("ION Trading") in this Court. It is an Illinois company that is based primarily in New York. It has no real contacts with California. It has no business address, managerial employees, bank accounts, or other physical presence in California. It sells no products in California. It has no website directed to California. And importantly, it was not the employer of Plaintiff Ricky L. Appin ("Plaintiff"), who alleges only employment-based claims here. It took no action with regard to Plaintiff and has no ties at all to her.

Plaintiff's employer at all times was Mergermarket (U.S.) Ltd. ("Mergermarket"). Mergermarket is a wholly owned subsidiary of Mergermarket USA, Inc. It is not now, nor has it ever been owned by ION Trading. Plaintiff cannot manufacture jurisdiction by naming an unrelated entity and claiming it owns her employer defendant. There are no facts to support jurisdiction over ION Trading, and as such, the Court must dismiss ION Trading from this lawsuit.

## II.   ISSUES TO BE DECIDED

Whether ION Trading should be dismissed as a defendant for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2).

## III.   STATEMENT OF RELEVANT FACTS

### A.   ION Trading, Inc.'s Lack of Contacts in California

ION Trading is a software solution company. *See* Declaration of Colm Casey ("Casey Decl.") at ¶ 2. It serves as a market leader in providing trading and risk management solutions for equities, fixed income, forex trading, cleared derivatives, secured funding, and asset management. *Id.*

ION Trading is incorporated in the State of Illinois and headquartered in the State of New York. *Id.* at ¶ 3. Indeed, ION Trading maintains its United States-based corporate headquarters and principal place of business at 1345 Avenue of the Americas, New York, NY 10105. *Id.* ION

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Trading is not registered to do business in California, and it does not do business in California. *Id.* at ¶ 4. It does not have any offices in California. *Id.* It owns no property in California, has no bank accounts in California, and does not pay corporate California taxes. *Id.* It serves no clients or customers in California. *Id.* It does not have any officers, managers, or executives residing in California. *Id.* It sells no products in California. *Id.* It does not have a website in its own right, much less one directed at California. *Id.* No corporate activities of ION Trading were directed, controlled, or coordinated from California. *Id.* In fact, a majority of its employees are based in Illinois, New York, or Pennsylvania. *Id.* at ¶ 5.[1] For all of these reasons, ION Trading is not "at home" in California.

Furthermore, while Mergermarket (Plaintiff's employer) and ION Trading are part of the ION group of companies ("ION Group"), they are unrelated operating entities segmented between divisions of the ION Group. *Id.* at ¶ 8. ION Trading forms part of the ION Markets division and Mergermarket forms part of the ION Analytics division. *Id.* These divisions operate distinct businesses and serve a different portfolio of clientele. *Id.* They both have a separate lender group, have segmented capital structures and registered trading securities, and any business between the divisions is done at arm's length. *Id.* ION Trading has not acquired and does not own any part of Mergermarket.[2] *Id.* at ¶ 9. Mergermarket—Plaintiff's employer—is a wholly owned subsidiary of Mergermarket USA, Inc. *Id.* Nor is Mergermarket USA, Inc., owned by ION Trading, either wholly or in part. *Id.*

---

[1] One non-managerial employee out of ION Trading's 107 total employees resides in California but was not placed there by ION Trading. Indeed, the employee moved to California without prior approval and only works remotely from there. Casey Decl. at ¶¶ 5-6. None of the activities of this employee overlap with any of the allegations in the Complaint. *Id.*

[2] Plaintiff asserts that ION Trading acquired Mergermarket and that Mergermarket is a wholly owned subsidiary of Ion Trading. Dkt. 1-1 ("Compl.") at ¶¶ 7, 17. She further alleges that Defendant Acuris Inc. ("Acuris") is a wholly owned subsidiary of ION Trading. *Id.* at ¶ 16. ION Trading, however, did not acquire Mergermarket, does not own it, and has had no role whatsoever in the acquisition and/or merger that Plaintiff alleges. Casey Decl. ¶ 9. Nor does ION Trading own Acuris. *Id.* at ¶ 10. While Plaintiff apparently seeks to look upstream for additional pockets, she has incorrectly named ION Trading as that entity. Thus, in addition to lacking personal jurisdiction, there is no factual basis for asserting liability against ION Trading.

2

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## B.      Plaintiff and the Allegations in the Complaint

At all relevant times, Plaintiff Ricky Appin was employed by defendant Mergermarket. Casey Decl. at ¶ 7. At no point did ION Trading employ Plaintiff. *Id.* At all times, she was paid only by Mergermarket. *Id.* According to Plaintiff, she was "one of the five staff members responsible for launching [Mergermarket] in its U.S. location in Manhattan, New York[.]" Compl. at ¶ 3. Although she alleges she resided in California, nowhere does Plaintiff allege the work she was doing was in or involved California. *See generally id.*

In her Complaint, Plaintiff alleges that both Mergermarket and ION Trading committed (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"), (2) disability discrimination in violation of the FEHA, (3) interference with the California Family Rights Act ("CFRA"), (4) retaliation in violation of CFRA, (5) gender discrimination in violation of the FEHA, (6) retaliation in violation of the FEHA, (7) wrongful termination in violation of public policy, and (8) breach of contract. *Id.* at ¶¶ 24-87. Each of these claims relate to Plaintiff's employment with Mergermarket and has no factual tie to ION Trading. Thus, to the extent the Complaint alleges Plaintiff had contacts with ION Trading, those contacts were actually with Mergermarket, Plaintiff's sole employer. Casey Decl. at ¶ 7. While Plaintiff (incorrectly) alleges ION Trading acquired Mergermarket, she maintains she was "*an employee of* [Mergermarket]," even after the acquisition. Compl. at ¶¶ 7-8 (emphasis added).

Plaintiff's claims relate entirely to activities by her employer which at all times was Mergermarket. She has no relationship to ION Trading. Plaintiff cannot support allegations of sufficient contacts between ION Trading and the forum or her own claims such that ION Trading should be haled into court in California. Therefore, jurisdiction over ION Trading in California is improper.

## IV.    NO BASIS EXISTS FOR THE COURT TO ASSERT JURISDICTION OVER ION TRADING

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss an action for lack of personal jurisdiction. In opposing a motion under Rule 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(9th Cir. 2008) (affirming dismissal for lack of personal jurisdiction). Indeed, a plaintiff must demonstrate the defendant has sufficient "minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A plaintiff must allege facts demonstrating personal jurisdiction either through "general or all-purpose jurisdiction" or "specific or conduct-linked" jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

To determine whether such "contacts" of a defendant with the forum are sufficient to exercise personal jurisdiction despite the lack of a presence within the forum, the Court looks to the long-arm statute under California law. Fed. R. Civ. P. 4(k). California's long-arm statute permits a court to exercise personal jurisdiction over a non-resident defendant only in a manner consistent with the due process guarantees of the United States Constitution. Cal. Code Civ. Proc. § 410.10; *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

To exercise personal jurisdiction over a non-resident defendant, Constitutional due process requires that the defendant either must consent to jurisdiction or must have "certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See id.* (internal quotation marks omitted) (citing *Int'l Shoe Co.*, 326 U.S. 310 at 316); *see also World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980) (the due process analysis should address whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.").

The analysis of such contacts breaks down into two types of jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction exists only if a defendant's contacts with the forum are substantial, continuous and systematic. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587-88 (9th Cir. 1993). If the contacts do not give rise to general jurisdiction, then the plaintiff must establish specific jurisdiction "based on the relationship between defendant's

4

forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contr le Racisme et L'antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Glencore Grain*, 284 F.3d at 1123.

As explained below, the Court should dismiss ION Trading as a defendant for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because Plaintiff has not— and cannot—allege sufficient facts to grant this Court general or specific personal jurisdiction over ION Trading.

**1.     The Court Lacks General Jurisdiction Over ION Trading.**

General jurisdiction exists only where a defendant's contacts with a forum are "continuous and systemic" or "substantial." *Glencore Grain*, 284 F.3d at 1123-24; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). This strict standard requires that a defendant's contacts be of the sort that approximate physical presence. *Daimler*, 571 U.S. at 118-19; *Schwarzenegger*, 374 F.3d at 801. The standard is "exacting" because "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

Factors to be considered include whether the defendant makes sales, solicits, or engages in business in the forum state; whether it has incorporated or is registered to do business in the forum state; or if it has offices, property, or employees there. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc.*, 433 F.3d 1199. As the Ninth Circuit has observed, "[t]he Supreme Court has upheld general jurisdiction only once," in a case involving "significantly more comprehensive" contacts, and that the Ninth Circuit "regularly [has] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851, n. 3 (9th Cir. 1993); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (dismissing defendant for lack of personal jurisdiction; citing cases where general jurisdiction was denied despite the defendants' significant contacts with the forum). Where non-resident corporate entities are not incorporated in the forum state and do not have their principal place of

5

business in the forum state, "only in *exceptional* cases" could they be subject to general

jurisdiction. *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1045 (N.D. Cal. 2018)

(internal quotations omitted) (emphasis added) (granting motion to dismiss for lack of personal

jurisdiction where defendants were not incorporated in California and did not have their principal

place of business in California). Indeed, neither the Supreme Court nor the Ninth Circuit have

found a corporation "at home" anywhere other than where it was incorporated or had its

principal place of business.

        Here, Plaintiff cannot meet her burden of showing general jurisdiction over ION Trading

is proper in California. ION Trading is not incorporated in California; does not have its principal

place of business in California; is not licensed, authorized, or otherwise registered to do business

in California; does not conduct business, service clients, or have customers in California; does

not own property, have offices, or pay corporate taxes in California; and has placed no

employees in California to support its business there. Nor does Plaintiff's Complaint make any

mention of allegations that would support general jurisdiction over ION Trading. Indeed,

Plaintiff alleges that "at all relevant times" ION Trading was a New York corporation[3] with its

"principal place of business" in New York City. Compl. at ¶ 15. Nowhere does she allege ION

Trading was doing business in California (though she makes this allegation about the other two

named defendants). *Id.* at ¶¶ 15-17. Much less, she fails to allege the type of continuous,

systemic, or substantial contacts with the forum that would be necessary for general jurisdiction.

*See Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1130 (C.D. Cal. 2016)

(stating general jurisdiction exists only "where the corporation's affiliations with the forum state

'are so continuous and systemic as to render it ***essentially at home*.'") (emphasis added) (quoting

*Daimler*, 571 U.S. at 138).

        To the contrary, ION Trading is an Illinois corporation with its principal place of

business in New York. It is registered to do business in four states, all on the East Coast. Casey

Decl. at ¶¶ 3, 5. A majority of its employees are based out of Illinois, New York, or

---

[3] While Plaintiff is correct that ION Trading is not incorporated in California, it is actually an
Illinois corporation. Casey Decl. at ¶ 3.

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Pennsylvania. Only one out of 107 employees (less than 1% of its workforce) resides in California, and even then, not by ION Trading's choice or requirement. ION Trading cannot be considered "at home" in California.

In sum, ION Trading has no physical presence in California to form a basis for general jurisdiction over it in this forum. *See Glencore Grain*, 284 F.3d at 1124-25 (finding that a corporation that did not own property, keep bank accounts, have employees, solicit business, or designate an agent for service of process in California did not have a physical presence, despite the presence of an independently employed sales agent); *Brand*, 796 F.2d at 1073 (holding insufficient contact to justify general jurisdiction where defendant's only contact with California was occasional car sales to California residents, car sales to an individual who occasionally re-sold cars in California, and "many" of the cars defendant eventually sold entered through California ports); *Amoco Egypt*, 1 F.3d at 851, n.3 (noting a company not incorporated in the forum state, with no "license or authorization to do business, offices, property, employees, payment of taxes, advertising, solicitation, or sales," in the forum state does not have "continuous and systemic" contacts to support general jurisdiction).

Nor can Plaintiff tie ION Trading to this case and jurisdiction due to her employment with Mergermarket—an entity separate from and unrelated to ION Trading. At no point did ION Trading employ Plaintiff. Moreover, Plaintiff does not allege that she conducted business in California on behalf of ION Trading. Compl. at ¶¶ 2-13. Plaintiff cannot dispute that Mergermarket and ION Trading are separate entities that engage in completely separate business functions or that ION Trading does not own Mergermarket. Nor can she dispute that the corporate activities of ION Trading were not directed, controlled, or coordinated from California.

Accordingly, this Court lacks general jurisdiction over ION Trading.

### 2.      The Court Lacks Specific Jurisdiction Over ION Trading.

Absent general jurisdiction, the only other basis for exercising personal jurisdiction over ION Trading would be if "the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain*, 284 F.2d at 1123. The specific

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

jurisdiction can be exercised only if a three-part test is satisfied: (1) the non-resident defendant must have performed some act or consummated some transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of proving the first two prongs. *Id.* If Plaintiff fails to establish either prong, personal jurisdiction is not established. *Id.* Only if Plaintiff proves **both** prongs does the burden shift to ION Trading to prove the third prong. *Id.*

As set forth below, Plaintiff cannot prove that ION Trading performed any act or transaction in California that "purposefully availed" itself of the privileges of conducting activities in California or that her claims arise out of actions ION Trading took in California. Nor would exercising jurisdiction over ION Trading be reasonable. Consequently, the Court should dismiss ION Trading from this action.

<blockquote>

a. **Plaintiff Cannot Prove That ION Trading Performed an Act or Consummated a Transaction in California to Purposefully Avail Itself of the Privileges of Conducting Activities in California**

</blockquote>

"A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802. Although seven out of eight of Plaintiff's claims are tort-based, she does allege one cause of action for breach of contract. Accordingly, even assuming both analyses apply, specific jurisdiction over ION Trading is not proper.

***First***, ION Trading did not purposefully direct any intentional act in California. Purposeful direction is established by evidence that a defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805 (internal citations omitted). This is also known as the "effects" test, derived from *Calder v. Jones*, 465 U.S. 783 (1984). The "effects" test requires that a defendant intentionally direct its conduct toward the forum state

8

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000000

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in order to ensure that "random," "fortuitous," or "attenuated" contacts do not cause a defendant to be haled into a jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). There also must be a clear relationship, or "nexus," between the intentional actions and the harm those actions are alleged to have caused. *Church of Scientology of Cal. v. Adams*, 584 F.2d 893, 896 (9th Cir. 1978).

Here, Plaintiff fails to allege that ION Trading did *anything*—or performed any act— in California (intentional or otherwise). Nor can she. For this reason alone, specific jurisdiction cannot be met. *See Schwarzenegger*, 374 F.3d at 806 (stating the Ninth Circuit "construe[s] 'intent' . . . as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."). Each of Plaintiff's tort claims arise out of her employment with Mergermarket. Although she alleges both Mergermarket and ION Trading were her employers, ION Trading never employed Plaintiff. In fact, she contradicts her own allegations by claiming she was "an employee of [Mergermarket]," even after the alleged acquisition between Mergermarket and ION Trading. *See* Compl. at ¶¶ 7-8. Because ION Trading never employed Plaintiff, it also never terminated her employment. *See* Casey Decl. at ¶ 7. Thus, Plaintiff is a far cry from even hinting, much less proving, that ION Trading "***expressly aimed***" harm at Plaintiff whom it allegedly knew to be a resident of California. *See Warner Bros. Home Entm't v. Shi*, No. CV 12-07753 DMG (PLAx), 2013 WL 12116586, at *1 (C.D. Cal. Feb. 22, 2013) (emphasis added) (quotations omitted).

Moreover, nowhere does Plaintiff allege any of her work for ION Trading (or Mergermarket) was out of California. On the contrary, she claims she was "one of the five staff members responsible for launching [Mergermarket] in its U.S. location ***in Manhattan, New York***," not California. Compl. at ¶ 3 (emphasis added); *see Clemens v. McNamee*, 615 F.3d 374, 379-80 (5th Cir. 2010) (declining to exercise personal jurisdiction over defendant, even though the plaintiff was a resident of the forum state because the statements at issue largely concerned incidents where defendant allegedly delivered drug to Clemens in New York and Canada, and therefore, Texas was not the "focal point of the story").

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

***Second***, ION Trading did not purposefully avail itself of the privileges of California. In contract cases, courts inquire whether a defendant "purposefully avails itself of the privilege of conducting activities" or "consummate[s] [a] transaction" in the forum, focusing on activities such as delivering goods or executing a contract. *See Schwarzenegger*, 374 F.3d at 802. Here, Plaintiff fails to allege any specific contract is at issue—much less that ION Trading entered into, negotiated, or otherwise executed a contract in California. *See generally* Compl.; *see specifically id.* at ¶¶ 86-87. Instead, she appears to allege Mr. Matthews—a Mergermarket employee—promised to "take care of her" and that alleged promise forms the basis for her breach of contract claim. *Id.* She does not allege that any type of negotiation over this alleged "promise" occurred in California, that Mr. Matthews was located in California when he made the alleged "promise," or that Mr. Matthews was ever employed by ION Trading. *Id.* Thus, she cannot prove that ION Trading "purposefully availed" itself "of the privilege of conducting activities within [California], thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475.

          **b.**      **Plaintiff Cannot Prove That Her Claims Arise Out of Forum-Related Activities**

Plaintiff's claims do not arise out of or relate to any California activity by ION Trading. For a court to properly exercise specific jurisdiction, "the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft*, 223 F.3d at 1088. Under Ninth Circuit law, "[t]he second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (citation omitted). Although this test is broad, it excludes the defendant's contacts with a forum state that merely are incidental to the defendant's "overall corporate activities." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003). Instead, the defendant's contacts with the forum must be "sufficiently related to the underlying causes of action" such that there is "proximate causation" between the contacts and the plaintiff's alleged harm. *Id.*

SPECIALLY-APPEARING DEFENDANT ION TRADING, INC.'S
MOTION TO DISMISS
Case No. 1:23-cv-03372-HSG
4859-5793-9576v.1 0122151-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, Plaintiff has failed to allege any facts to meet this "but for" requirement. Further, Plaintiff has not alleged any contact between ION Trading and California aside from the fact that she resided there while working for Mergermarket and her incorrect allegation that ION Trading owns Mergermarket. Plaintiff cannot show that her claims, for allegedly causing her harm in California, arose out of activities by ION Trading in California. She thus also fails the second prong of the specific jurisdiction test.

**c.    Exercising Jurisdiction Over ION Trading in This Forum Offends Fair Play and Substantial Justice**

Even if the Court were to conclude that Plaintiff has carried her burden of demonstrating that ION Trading has sufficient minimum contacts with California (she has not), that would not end the inquiry. Under the third prong, the Court must assess whether exercising personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). The Ninth Circuit has articulated seven factors to determine whether the exercise of personal jurisdiction over a non-resident defendant comports with fair play and substantial justice:

> (1) [T]he extent of the defendant['s] purposeful interjection into the forum state's affairs;
> (2) the burden on the defendant of defending in the forum;
> (3) the extent of conflict with the sovereignty of the defendant['s] state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.

*Terracom*, 49 F.3d at 561 (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993)). The balance of these factors weighs in favor of finding that the exercise of personal jurisdiction over ION Trading would be unreasonable in this case.

*Purposeful Interjection.* As described above, ION Trading resides and does business exclusively outside of California. It does not have any place of business, office, bank accounts, officers or managers in California. It does not regularly engage in business here. It is not registered to do business in California. Accordingly, this factor weighs in favor of ION Trading.

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

***Burden on Defendant.*** Nearly all of ION Trading's employees are located in Illinois, New York, or Pennsylvania. Thus, virtually all of the relevant evidence—to the extent ION Trading has any—emanates thousands of miles outside of California. Additionally, the availability of ION Trading's witnesses and parties is outside of California. The burden on ION Trading weighs strongly in favor of dismissal. *See Chaiken v. VV Pub.*, 119 F.3d 1018, 1029 (2d Cir. 1997) (holding that the "interest in obtaining the most efficient resolution of controversies" is not advanced when "parties, witnesses, and evidence are all located" outside the forum).

***Sovereignty, California's Interests, and Alternative Forums.*** Because ION Trading does not do business in California, did not employ Plaintiff (and, therefore, did not terminate her employment), California does not have interest in adjudicating any claims Plaintiff may have against ION Trading. ION Trading cannot—and should not—be hauled into court in California for all the reasons discussed herein. In the event ION Trading is forced to remain in this action, Illinois or New York—where ION Trading is incorporated and has its principal place of business, respectively—are more reasonable forums.

***Judicial Efficiency.*** ION Trading is based in Illinois and New York. As discussed above, were it required to defend this lawsuit in California, its witnesses, documents, and records—all based in states outside of California—would have to be transported to California, where it does not conduct business. "Efficiency of the forum, the fifth factor, is evaluated by looking at where the witnesses and evidence are likely to be located." *Terracom*, 49 F.3d at 561.

***Plaintiff's Interest.*** Neither the Supreme Court nor the Ninth Circuit "has given much weight to inconvenience to the plaintiff." *Core-Vent Corp. v. Novel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) ("A mere preference on the part of the Plaintiff for its home forum does not affect the balancing"). Plaintiff's preference to litigate this action against ION Trading in California is entitled to little weight, if any.

ION Trading has met its burden of demonstrating the exercise of personal jurisdiction in California would be unreasonable. In *Core-Vent*, for example, a California plaintiff sued foreign defendants, and the Ninth Circuit found that both the purposeful availment and "but for" prongs

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of the jurisdictional test were met but that the exercise of jurisdiction nevertheless would be unreasonable. 11 F.3d at 1488-90. The Court found that California's only interest in protecting its residents and the efficiency of the home forum weighed in favor of the plaintiff. *Id.* Balancing these factors, the Court held that the defendants "presented a compelling case that the exercise of jurisdiction would not comport with fair play and substantial justice and would thus be unreasonable." *Id.* at 1490; *see also Glencore Grain*, 284 F.3d 1114 (holding that the exercise of jurisdiction would be unreasonable over defendant even assuming minimum contacts necessary for possibility of jurisdiction). Accordingly, ION Trading should be dismissed from this lawsuit for lack of personal jurisdiction.

## V.    CONCLUSION

Plaintiff has incorrectly named ION Trading as a party to this lawsuit, and she cannot establish a factual connection between ION Trading and California such that this Court can exercise personal jurisdiction over ION Trading. For the foregoing reasons, this Court should grant ION Trading's motion and dismiss ION Trading as a defendant for lack of personal jurisdiction.

DATED: August 17, 2023

DAVIS WRIGHT TREMAINE LLP
ANNA R. BUONO
GIANCARLO UREY

By:_____
                Giancarlo Urey

Attorneys for Defendants
MERGERMARKET (U.S.) LTD. and ION
TRADING, INC.

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899