UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L APPIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MERGERMARKET (U.S.) LTD., et al.,<br><br>        Defendants. | Case No. 23-cv-03372-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 34, 46 |

Pending before the Court are two motions filed by Plaintiff: a motion for leave to file a motion for reconsideration, Dkt. No. 34, and a motion for leave to file a first amended complaint, Dkt. No. 46. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** leave to file a motion for reconsideration, but **GRANTS** leave to file a first amended complaint.

## I. BACKGROUND

In April 2023, Plaintiff Ricky Appin filed a complaint in California state court alleging federal and state causes of action arising out of her employment. *See* Dkt. No. 1. In July 2023, Defendant Mergermarket removed the case, asserting diversity jurisdiction. *Id*. Defendant ION Trading, Inc. specially appeared in the case the following month to file a motion to dismiss, arguing that the Court lacked personal jurisdiction over it. Dkt. No. 18. The Court agreed, and on November 29, 2023, granted ION Trading's motion to dismiss. Dkt. No. 30. Because Plaintiff did not "describe[] any facts she could plead if given leave to amend to cure the identified deficiencies, and ha[d] not done anything to show that jurisdictional discovery regarding ION

Trading . . . would be anything more than a fishing expedition," the denial was without leave to amend. *Id.* at 9 (internal citations omitted).

On December 18, 2023, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's dismissal order "on the grounds that Mergermarket's recent discovery disclosures reveal new information" pertinent to the personal jurisdiction analysis. Dkt. No. 34. Defendants opposed the motion, arguing that Plaintiff failed to act with reasonable diligence in raising it and that the "new information" did not support jurisdiction over ION Trading anyhow. Dkt. No. 41. The next day, the parties attended a case management conference before the Court, and on December 20, the Court issued a scheduling order setting March 15, 2024 as the deadline for Plaintiff to amend her pleadings. On February 26, 2024, Plaintiff filed a motion for leave to file an amended complaint, indicating that she sought to add three defendants to the suit and retain ION Trading as a named defendant. Dkt. No. 46. Defendants opposed. Dkt. No. 48.

## II. DISCUSSION

### A. Motion for Leave to File a Motion for Reconsideration

Plaintiff's motion for leave to file a motion for reconsideration is based on Civil Local Rule 7-9(b)(1), which permits a party to move for reconsideration where "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and where the party did not know about the fact or law at the time of the order despite the "exercise of reasonable diligence."[1] Plaintiff argues that reconsideration is appropriate because Defendant Mergemarket's Initial Discovery identified Kunal Gullapalli – CFO of ION Trading – as "a decisionmaker in Plaintiff's employment termination." Dkt. No. 34 at 3. Plaintiff argues that this new fact "indicates that ION Trading exercised sufficient control over the terms and conditions of Plaintiff's employment so as to subject ION Trading to jurisdiction." *Id.*

---

[1] In explaining why reconsideration is "appropriate," Plaintiff quotes Civil Local Rule 7-9(b)(1) but cites Civil Local Rule 7-9(b)(3). Dkt. No. 34 at 3. Based on the context, the Court construes the citation as an error and understands Plaintiff to request reconsideration pursuant to Civil Local Rule 7-9(b)(1).

1    Even assuming this fact carries the import Plaintiff suggests, however, she does not and
2    cannot argue that she "did not know [about Mr. Gullapalli's role] at the time of [the Court's
3    November 29 order]." Civil L.R. 7-9(b)(1). Defendant Mergermarket's initial disclosures were
4    made on October 13, 2023. Plaintiff could have raised the new information about Mr. Gullapalli's
5    ION Trading affiliation before the Court at that time, or at any time in the more than six weeks
6    before the Court's November 29 ruling. "If [Plaintiff] truly believed that the evidence was
7    material to the motion, [she] might have sought leave to supplement [her briefing]," but [she] did
8    not." *Berman v. Freedom Financial Network, LLC*, 2020 WL 6684838, at *10 (N.D. Cal. Nov.
9    12, 2020), *aff'd* 30 F.4th 849 (9th Cir. 2022). Plaintiff does not offer any explanation for why she
10   sat on the new information for weeks despite the fact that a jurisdictional motion was pending, or
11   why she waited three *more* weeks after the Court's ruling to file her motion for leave.[2]

12   Since the Court cannot conclude that Plaintiff acted with the diligence required by Local
13   Rule 7-9 before or after the issuance of the November 29 order, the Court **DENIES** Plaintiff's
14   motion for leave to file a motion for reconsideration.

### B.    Motion for Leave to File a First Amended Complaint

Plaintiff also moves the Court for leave to file a first amended complaint ("FAC"), primarily to add ION Investment Group Limited, Mergermarket Limited, and Dealogic L.L.C. as defendants, and to include facts from Mergermarket's initial discovery that, among other things, purportedly provide a factual basis for maintaining suit against previously dismissed ION Trading. Dkt. No. 46 at 3. Defendants oppose the motion, arguing mainly that Plaintiff cannot demonstrate good cause for violating the scheduling order's March 15 deadline for amendment, and that amendment at this stage would jeopardize the Court's scheduling order overall. *See generally* Dkt. No. 48. Given that Plaintiff will be able to timely file an amended complaint by March 15, 2024 in light of the Court's decision to consider Plaintiff's motion on the existing record, the

---

[2] Because the Court denies the motion without reaching Defendants' substantive arguments concerning how and whether the "new information" affects the Court's jurisdiction over ION Trading, the Court **TERMINATES AS MOOT** Defendants' request for judicial notice of the Certificate of Merger of Acuris, Inc. and Mergermarket (U.S.) Ltd, which Defendants reference in connection with those arguments. Dkt. No. 41-1.

1    Court will grant Plaintiff's motion.[3]

2    A party seeking to file a second or successive amendment "may amend its pleading only
3    with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).[4] Under
4    Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so
5    requires.'" *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R.
6    Civ. P. 15(a)(2)); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)
7    ("[T]his policy is to be applied with extreme liberality."). Courts have recognized that "[i]n the
8    absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on
9    the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
10   undue prejudice to the opposing party by virtue of allowance of the amendment, futility of
11   amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Magana v.*
12   *Doordash, Inc.*, 343 F. Supp. 3d 891 (N.D. Cal. 2018) (quoting *Foman v. Davis*, 371 U.S. 178,
13   182 (1962)). Of these, the single most important factor is whether prejudice would result to the
14   nonmovant. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014,
15   1053 n. 68 (9th Cir.1981), *cert. denied*, 667 459 U.S. 825, 103 (1982). The Ninth Circuit has held
16   that courts may decline to grant leave to amend for one or more of these reasons "only if there is
17   strong evidence." *Sonoma Cnty Ass'n of Retired Employees v. Sonoma Cnty*, 708 F.3d 1109, 1117
18   (9th Cir. 2013).

19   The Court finds that Defendants have not met their burden of showing that one or more
20   factors warrants denial of Plaintiff's motion to amend. *Robertson v. Bruckert*, 568 F. Supp. 3d

---

[3] The Court's order dismissing ION Trading without leave to amend barred Plaintiff from asserting suit against ION Trading on the same allegations before the Court at that time; it does not now bar Plaintiff from again naming ION Trading as a defendant in her FAC where she presents *new* factual allegations that purportedly provide a basis for the Court's jurisdiction over that defendant.

[4] Because Plaintiff's motion for leave was made (and has been resolved) by the deadline established by the operative case scheduling order, the more lenient Rule 15 standard rather than the Rule 16 standard on which Defendant relies applies. Only where "[a] party seek[s] to amend a pleading after the deadline set by the pretrial scheduling order expires" must it "satisfy the 'good cause' standard of [Rule] 16(b)(4) . . . rather than the liberal standard of [Rule] 15(a)." *Smith v. Apple, Inc.*, No. 21-CV-09527-HSG, 2023 WL 7166807, at *1 (N.D. Cal. Oct. 30, 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015)).

1044, 1047 (N.D. Cal. 2021) ("The opposing party bears the burden to show why leave to amend should not be granted."). Of note, Defendants have not demonstrated how they will suffer prejudice should this Court grant Plaintiff leave to file an amended complaint by the deadline established by the operative scheduling order. The closest they get is arguing that setting depositions before the July 12, 2024 discovery cutoff may prejudice the *newly named defendants*, and that, consequently, the deadline "would likely need to be moved." Dkt. No. 48 at 13. But this harm is speculative, and can be addressed down the road as necessary through a request to amend the scheduling order supported by a particularized showing of good cause. And while Defendants also argue that Plaintiff "has failed to adequately justify the five-month delay between learning of facts that, according to her, support naming new defendants and seeking leave to amend her Complaint to name new defendants," the fact that Plaintiff sought leave to file the amended complaint by the deadline in the Court's scheduling order undermines this position. While the Court agrees that Plaintiff could have sought leave to file an amended complaint sooner, it is satisfied that she did so by the Court-imposed deadline.

In light of Rule 15(a)'s liberal application, and Defendants' failure to demonstrate prejudice, bad faith, undue delay, or futility, the Court **GRANTS** Plaintiff's motion for leave to file an FAC. In permitting Plaintiff leave to amend, the Court takes no position on the merits of the amendments Plaintiff proposes. If, after amendment, Defendants continue to believe that jurisdictional defects persist, they should promptly raise those arguments to the Court in a motion to dismiss. That said, the parties must continue proceeding with discovery as to all claims unless and until a motion to stay any aspect of discovery is made and granted.

//
//
//
//
//
//

**III.  CONCLUSION**

The Court **DENIES** Plaintiff's motion for leave to file a motion for reconsideration, Dkt. No. 34, and **GRANTS** Plaintiff's motion for leave to file a first amended complaint, Dkt. No. 46. Pursuant to the scheduling order in this case, Plaintiff's FAC must be filed by March 15, 2024. *See* Dkt. No. 38.

**IT IS SO ORDERED.**

Dated:  3/13/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge