UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L APPIN,<br><br>    Plaintiff,<br><br>v.<br><br>MERGERMARKET (U.S.) LTD., et al.,<br><br>    Defendants. | Case No. 23-cv-03372-HSG<br><br>**ORDER REGARDING JURISDICTIONAL DISCOVERY** |

    Before the Court is specially appearing Defendant ION Trading's second motion to dismiss, which like the first contends that the Court lacks personal jurisdiction over it. Dkt. No. 63. Plaintiff opposes the motion, in part by arguing that certain individuals who made decisions pertinent to Ms. Appin's termination are employed by ION Trading, such that ION Trading has sufficient minimum contacts in California to justify the Court's exercise of jurisdiction. *See generally* Dkt. No. 70. Plaintiff points to Kunal Gullapalli, ION Trading's CFO, as an example of such a decisionmaker. Dkt. No. 70 at 12. While ION Trading does not dispute Mr. Gullapalli's title, it disputes that this title made him an agent of ION Trading for the decision at issue: it argues that when Mr. Gullapalli participated in the decision concerning Ms. Appin's termination, "he was acting solely in his capacity as agent/authorized officer of Mergermarket" rather than as an agent of ION Trading. Dkt. No. 63 at 17. In other words, according to ION Trading, Mr. Gullapalli was not wearing his ION Trading "hat" when he took the relevant acts – an argument it again reprised as to Mr. Gullapalli and other individuals in its supplemental briefing. Dkt. No. 110.

    The capacity in which Mr. Gullapalli and other ION Trading decisionmakers worked is highly relevant to the jurisdictional inquiry, and something that cannot be determined based on ION Trading's representations alone. Given the undisputed fact that some of the decisionmakers

involved in Plaintiff's termination also had roles at ION Trading, this is not a circumstance in which it is inherently a fishing expedition for Plaintiff to seek more information about that entity's potential involvement. *See Arista Music v. Radionomy, Inc.*, No. 16-CV-00951-RS, 2016 WL 3181308, at *2 (N.D. Cal. June 8, 2016). Instead, the Court is of the view that jurisdictional discovery of a proportional and limited nature is reasonable to permit Plaintiff to test ION Trading's contention that decisionmakers in its employ were wearing a different entity's "hat" at the time of the decision in question.

The Court emphasizes the "proportional and limited" nature of appropriate jurisdictional discovery, because those qualities have not been evident in the parties' discovery interactions to date. For instance, Plaintiff proposes a long list of discovery responses that the Court "should compel" if jurisdictional discovery is ordered, including asserting that she "must be allowed to serve additional RFPs in a substantially similar form to those attached as Exhibit O to the Nichols Declaration." Dkt. No. 70 at 18. But Plaintiff's proposal in Exhibit O simply is not reasonable or proportional, and the Court will not permit Plaintiff to propound it. Request No. 3, for example, asks for essentially all communications between seven employees regarding Mergermarket or Acuris over a nine-year period. Dkt. No. 70-2 at 4. This is plainly overbroad as to the issue at hand. However, the Court will give Plaintiff a final opportunity to propose narrowly tailored and jurisdictionally focused discovery requests consisting of three (3) requests for production and one (1) interrogatory.

With respect to depositions, some substantial part of such appropriately targeted discovery may presumably be done in the context of the depositions that the parties have already agreed upon. *See* Dkt. No. 107 (identifying the scheduled depositions of defense witnesses Yana Morris and Kyrystyna Kobyrn, one near-scheduled deposition of Jody Drulard, and one tentative deposition of Kunal Gullapalli). To the extent Plaintiff believes up to one additional deposition is necessary and warranted for jurisdictional discovery purposes, the Court will permit her to propose one.

In conformance with this guidance, and the Court's determination that reasonable, limited and targeted jurisdictional discovery would be appropriate on the record presented, the parties are

2

directed to meet and confer and file within one week of the date of this order an agreed-upon proposal that identifies what additional witness will be deposed (and when) and what additional discovery will be sought.  If, after good faith efforts to reach consensus, the parties cannot come to an agreement, the Court directs them to instead submit the dispute to Judge Ryu in the manner required by her chambers for resolution (with any submission to enclose a copy of Plaintiff's final proposal).  Plaintiff is further advised that if her discovery requests are found unreasonable (i.e. *not* appropriately proportional and limited), they will be rejected, and Plaintiff will not be afforded any further opportunity to revise them or, consequently, to take jurisdictional discovery at all. Accordingly, Plaintiff should craft her requests in a manner carefully and proportionally calibrated to shed light on the sole, narrow issue of whether ION Trading's employees of interest were wearing a different entity's "hat" when they made the employment decision at issue.

**IT IS SO ORDERED.**

Dated:  7/19/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge