UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. APPIN,<br><br>    Plaintiff,<br><br>v.<br><br>MERGERMARKET (U.S.) LTD., et al.,<br><br>    Defendants. | Case No. 23-cv-03372-HSG (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER RE: DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 148 |

    Plaintiff Ricky L. Appin filed a unilateral discovery letter on October 15, 2024, after the October 7, 2024 fact discovery cut-off, in which she challenged the sufficiency of Defendants' document production. [Docket No. 140.] The court ordered the parties to immediately meet and confer and to file a standalone joint letter on any remaining disputes. [Docket No. 144.] The parties timely filed a joint letter in which Plaintiff moves to compel Defendant Mergermarket (U.S.) Ltd. to produce additional documents in response to 29 RFPs. [Docket No. 148 (Jt. Letter).] This matter is suitable for determination without oral argument. Civil L.R. 7-1(b).

    Defendant opposes the motion to compel on several grounds. In relevant part, Defendant asserts that it shared its search terms with Plaintiff on June 17, 2024, and that after Plaintiff's counsel "raised concerns about [its] document production," defense counsel asked them to explain why Defendant's search terms were deficient or propose additional search terms. Jt. Letter 4. Defendant asserts that it requested such input "at least half a dozen times" but that Plaintiff's counsel "repeatedly refused" to provide feedback. *Id*. (emphasis removed). Plaintiff does not dispute Defendant's description of the parties' interactions regarding search terms.

    The Northern District's Guidelines for the Discovery of Electronically Stored Information provide that the court "expects cooperation on issues relating to the preservation, collection,

1  search, review, and production of ESI."  The District's ESI Checklist encourages the parties to
2  "engage in on-going meet and confer discussions" about the discovery of ESI, including "specific
3  words or phrases or other methodology, that will be used to identify discoverable ESI[.]"  Given
4  that Defendant first shared its search terms with Plaintiff in June 2024, the parties had plenty of
5  time to engage in a cooperative process to identify relevant information.  It is undisputed that
6  Plaintiff did not participate in that process despite repeated requests by the defense.  Discovery is
7  now closed.  It is far too late to move to compel Defendant to start conducting additional searches
8  for responsive documents.[1]  The motion to compel is denied.  Defendant's request for sanctions is
9  denied.

11  **IT IS SO ORDERED.**

12  Dated: November 22, 2024



_____
Judge Donna M. Ryu
Chief Magistrate Judge

---

[1] The court notes that the Honorable Haywood S. Gilliam's Standing Order provides that "[t]he parties must allow sufficient time for the assigned Magistrate Judge to resolve discovery disputes before the close of discovery."