UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L APPIN,<br><br>        Plaintiff,<br><br>v.<br><br>MERGERMARKET (U.S.) LTD., et al.,<br><br>        Defendants. | Case No. 23-cv-03372-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT ION TRADING INC.'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 63, 146, 149 |

Pending before the Court are Defendants' motion for summary judgment, Dkt. No. 149 ("Mot."), 153 ("Opp."), 160 ("Reply") and several other motions. *See* Dkt. Nos. 146 (Plaintiff's Motion for Leave to File Amended Complaint) and 63 (Defendant Ion Trading Inc.'s Motion to Dismiss). The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). Having carefully considered the parties' arguments, the Court (1) **DENIES** Plaintiff's motion for leave to file an amended complaint, Dkt. No. 146; (2) **GRANTS** Defendant Ion Trading's motion to dismiss, Dkt. No. 63; and (3) **DENIES** in part and **GRANTS** in part Defendants' motion for summary judgment, Dkt. No. 149.

I. **BACKGROUND**

Plaintiff Ricky L. Appin is a 75-year-old transgender woman who worked as a content editor for Defendant Mergermarket, a financial and data analytics firm, from 2003 until her termination in 2022. That termination is the subject of this litigation. Plaintiff alleges that Mergermarket and other entities in the Ion Trading Group discriminated against her based on her gender, age, and medical history in violation of California's Fair Employment in Housing Act

("FEHA") and California's Family Rights Act ("CFRA"). Mergermarket contends that it terminated Plaintiff Appin's employment as part of a years-long cost-cutting strategy that replaced all of Mergermarket's content editors in the United States with lower-paid content editors in India.

In March 2024, Plaintiff Appin filed the operative First Amended Complaint, Dkt. No. 51, which asserted eight claims against defendants: (1) age discrimination in violation of FEHA, (2) disability discrimination in violation of FEHA, (3) interference with rights under CFRA, (4) retaliation in violation of CFRA, (5) gender discrimination in violation of FEHA, (6) retaliation in violation of FEHA, (7) wrongful termination in violation of public policy, and (8) breach of contract. Defendants then moved to dismiss Defendant Ion Trading Inc. for lack of personal jurisdiction. Dkt. No. 63. After several months of discovery and while the motion to dismiss remained pending, Plaintiff moved to amend her complaint to add Ion Investment Corporation S.a.r.l as an additional defendant. Dkt. No. 146. Defendants opposed Plaintiff's motion for leave to amend and then filed this motion for summary judgment.

## II. DEFENDANT ION TRADING'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Court previously granted Defendant Ion Trading's first motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 30. When Plaintiff amended her complaint, she again named Ion Trading as a defendant, alleging that Ion Trading employee Kunal Gullapalli was involved in her termination. *See* Dkt. No. 51. While the Court did not bar Plaintiff from again naming Ion Trading as a defendant in any amended pleadings, it did warn that to survive a future motion to dismiss, Plaintiff would be required to "present[] *new* factual allegations that purportedly provide a basis for the Court's jurisdiction over" Ion Trading. Dkt. No. 49. Plaintiff has not done so.

### A. Legal Standard

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.*; *see also Ballard v. Savage*, 65 F.3d

2

1495, 1498 (9th Cir. 1995). The plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), *aff'd*, 248 F.3d 915 (9th Cir. 2001). If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

Generally, "personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154. In California, the long-arm statute extends jurisdiction to the limits of due process, so the jurisdictional analysis under state and federal law is the same. *See id*. at 1155; Cal. Civ. Proc. Code § 410.10 (providing that California's long-arm statute is coextensive with the federal due process clause). To comport with due process, a defendant, if not present in the forum, must have sufficient "minimum contacts" with the forum such that the maintenance of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

**B. Discussion**

The Court already addressed this issue at length when it granted Ion Trading's first motion to dismiss. Dkt. No. 30. The question, then, is whether Plaintiff has raised new factual allegations that would alter the Court's prior analysis. The Court concludes that Plaintiff has not and accordingly grants Defendant Ion Trading's second motion to dismiss.

///

///

### 1. The Court Lacks General Jurisdiction Over Ion Trading Inc.

A court may exercise general jurisdiction over a defendant only when that defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 129 (2014) (quoting *Goodyear*, 564 U.S. at 919). Corporate defendants are "fairly regarded at home" where they are incorporated and principally do business. *Id*. at 127. Ion Trading is incorporated in Illinois and headquartered in New York. Dkt. No. 63 at 14. Plaintiff broadly asserts that Ion Trading has "sufficient minimum contacts and activities directed at California" to establish general jurisdiction, including employing at least one California resident and maintaining a website accessible to California consumers. Dkt. No. 70 at 7. But only in "exceptional cases" do courts have personal jurisdiction over corporate defendants outside of the corporation's place of incorporation and principal place of business. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. Only in an 'exceptional case' will general jurisdiction be available anywhere else."). The alleged contacts that Plaintiff cites do not give rise to such an "exceptional" case and are insufficient to establish general jurisdiction. Plaintiff offers no relevant case law to suggest otherwise.

### 2. The Court Lacks Specific Jurisdiction Over Ion Trading Inc.

In order to exercise specific jurisdiction over Ion Trading, Plaintiff's "claim must be one which arises out of or relates to [Ion Trading's] forum-related activities." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiff identifies only one nexus between her claims and Ion Trading: She alleges that Ion Trading executive Kunal Gullapalli was involved in the decision to end her employment. Dkt. No. 70 at 13.[1] Plaintiff does not allege any relationship between Mr. Gullapalli and California or otherwise identify any forum-related activities *relevant to her claim* that Ion Trading undertook in California. To the extent that

---

[1] Mr. Gullapalli attested in a sworn declaration that he "was acting solely on behalf of Mergermarket, not ION Trading or any other ION Group entity" when he was involved in Plaintiff's employment termination. Dkt. No. 63-4 at 3.

Plaintiff again raises the agency theory that the Court rejected in ruling on Ion Trading's first motion to dismiss, the Court continues to find that this theory rests on unsupported and conclusory assertions. *See* Dkt. No. 30 at 6.

Since the Court finds that it does not have either general or specific personal jurisdiction over Ion Trading, it grants Ion Trading's second motion to dismiss. Dkt. No. 63. The case will proceed against the remaining defendants.

### III.    PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to file a second amended complaint under Federal Rule of Civil Procedure 16 that would add Ion Investment Corporation S.a.r.l. as an additional defendant. Dkt. No. 146. The Court denies Plaintiff's motion.

#### A. Legal Standard

A party seeking to amend a pleading after the expiration of the deadline set in a scheduling order "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has stated that:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment . . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

#### B. Discussion

Plaintiff filed her operative amended complaint on March 14, 2024, the day before the

Court's scheduled deadline to amend pleadings in this matter. *See* Dkt. No. 38. Over the next several months, the Court repeatedly extended the parties' discovery deadlines and modified their case schedule. *See* Dkt. Nos. 99, 121. At no point did Plaintiff seek to amend the scheduling order to further amend her pleadings. Plaintiff states that she did not learn about Ion Investment Corporation S.a.r.l.'s potential involvement in the case until October 2, 2024, just five days before the parties' discovery deadline. Dkt. No. 146 at 7; Dkt. No. 121. Almost one month later, she filed this motion for leave to amend. Plaintiff's request to amend after the close of extended discovery, months after the deadline to amend passed, and nearly one month after she learned about Ion Investment Corporation S.a.r.l.'s purported potential liability does not demonstrate diligence. *See Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (a one-month delay in filing after learning facts from a witness's deposition did not constitute diligence under Rule 16); *MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL, 2021 WL 289661, at *3 (D. Ariz. Jan. 28, 2021) ("[B]y waiting until the close of discovery, and nearly one year after the amendment deadline, Plaintiff has not demonstrated the diligence required under Rule 16's good cause standard."). Nor did Plaintiff demonstrate why she was unable to identify Ion Investment Corporation S.a.r.l as a potential defendant at an earlier stage in the proceedings. *See Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561 SBA, 2010 WL 2867615, at *3 (N.D. Cal. July 20, 2010).

Moreover, "while the focus of the good cause inquiry rests on the moving party's diligence, the Court also considers the possibility of prejudice to the nonmoving party." *Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020). Here, the Court agrees with Defendants that granting leave to amend, again, would result in undue prejudice. Adding an additional defendant would necessitate additional time for discovery and new dispositive motions even though both such deadlines already passed. *See In re Fritz Companies Securities Litigation,* 282 F.Supp.2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen discovery or the addition of complaints or parties."). Litigation in this matter has been ongoing since July 2023, and trial is set for mid-March 2025. Further delay would draw out an already prolonged case, and "this Court would likely be required to

1    modify the pre-trial schedule, which would result in prejudice in the form of delay to other
2    parties." *Wells Fargo Bank*, 2010 WL 2867615, at *4.  Since the Court finds that Plaintiff has not
3    satisfied the good cause standard of Federal Rule of Civil Procedure 16, the Court denies
4    Plaintiff's motion for leave to amend.

## IV.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Mergermarket moved for summary judgment, arguing that "there is no triable issue as to any material fact for any claim set forth in the FAC against Defendants."  Mot. at 6.  The Court concludes that genuine issues of material fact preclude summary judgment on Plaintiff's discrimination, retaliation, interference, and wrongful termination claims.  The Court grants summary judgment as to Plaintiff's breach of contract claim.

### A. Legal Standard

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party.  *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).  "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter

7

summary judgment in favor of the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Discussion**

**1. Plaintiff's FEHA Discrimination Claims**

Plaintiff alleges that Mergermarket discriminated against her on the basis of her age, disability, and gender in violation of FEHA. FEHA prohibits employers from discriminating against employees on several grounds, including gender, age, and disability. Cal. Gov't Code § 12940(a). Under FEHA, a plaintiff may "'give rise to an inference of unlawful discrimination,' either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003), *as amended* (Jan. 2, 2004). Generally, the plaintiff bears the initial burden to establish a prima facie case of discrimination. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). However, "[w]hen an employer moves for summary judgment . . . 'the burden is reversed . . . because the defendant who seeks summary judgment bears the initial burden." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (quoting *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 493 (1999)). Therefore, "[t]o prevail on summary judgment, [the employer is] required to show either that (1) plaintiff could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment." *Id.* (quoting *Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 449 (2008)). Here, Defendant adopts the latter approach, arguing that it terminated Plaintiff Appin's employment for a legitimate, non-discriminatory reason. Mot. at 20–25.

To establish a legitimate, nondiscriminatory reason for its decision to terminate Plaintiff Appin, Mergermarket must demonstrate that "the procedure by which [Appin] was terminated was validly and fairly devised and administered to serve a legitimate business purpose." *Hanson*, 87 Cal. Rptr. 2d at 492–93 (internal citations omitted). Then, the "burden then shifts to the employee to prove that 'the proffered justification is mere pretext.'" *Id.* Here, Mergermarket contends that it terminated Plaintiff Appin's employment in order to "take advantage of the lower costs associated with hiring Content Editors in India. The decision had nothing to do with Appin's age,

gender, or putative disability—it was about Mergermarket's bottom line." Mot. at 21. Plaintiff Appin disputes this characterization, instead arguing that Mergermarket terminated her employment because (1) she was an unfavorable "legacy asset" compared to younger co-workers, (2) the company did not want transgender employees, and (3) she had a disability that required surgery. Opp. at 18–23.

As the Ninth Circuit has repeatedly instructed, "very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder." *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009). *See Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1410 (9th Cir. 1996) ("As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'").

Here, Plaintiff has met that low bar. With regard to Plaintiff's disability, for example, a reasonable factfinder could conclude that comments by Mergermarket Human Resources staff, including "[i]t seems like you get hurt or have some health issue every year," coupled with the timing of Plaintiff's termination—just two weeks before her scheduled surgery—indicates a discriminatory motive. Opp. at 29.[2] As to Plaintiff's age, a factfinder must determine whether Mergermarket's references to Plaintiff as a "legacy asset" and decision to retain younger employees performing similar work constituted age discrimination or simply reflected corporate cost-cutting. Plaintiff's FEHA gender discrimination claim is similarly fact-intensive. At trial, for instance, the factfinder will be left to determine whether extensive misgendering can give rise to discrimination, or whether Plaintiff's termination (alongside several cisgender individuals) was unrelated to her gender identity. *See Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027,

---

[2] The parties dispute whether Mergermarket had knowledge of Plaintiff's September 2022 surgery. This dispute of fact is, again, appropriately resolved at trial.

1039 (9th Cir. 2005) ("[W]e have repeatedly held that a single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer."). Drawing all reasonable inferences in favor of Plaintiff, there is at least one genuine dispute of material fact as to the reasons for Plaintiff's termination that precludes the Court from resolving Plaintiff's FEHA discrimination claims at the summary judgment stage. *See Gonzales v. Organogenesis, Inc.*, 766 F. App'x 474, 476 (9th Cir. 2019) ("Summary judgment is 'generally unsuitable' for employment discrimination cases . . . because of the elusive factual question of intentional discrimination."). Accordingly, the Court denies summary judgment with respect to those claims.

### 2. Retaliation Claims in Violation of CFRA and FEHA

Plaintiff alleges that Mergermarket retaliated against her for "exercising her right to take medical leave" in violation of CFRA and for not "treat[ing] [her] fairly after the ION Group acquisition" of Mergermarket in violation of FEHA. Dkt. No. 51 at 12, 15. "[T]he elements of a cause of action for retaliation in violation of CFRA . . . are as follows: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination . . . because of her exercise of her right to CFRA leave." *Cross v. United Airlines*, 317 F. App'x 615, 618 (9th Cir. 2008) (quoting *Avila,* 165 Cal. App. 4th at 1254). The elements of a claim for retaliation in violation of FEHA are similar: "(1) the employee's engagement in a protected activity, i.e., "oppos[ing] any practices forbidden under this part"; (2) retaliatory animus on the part of the employer; (3) an adverse action by the employer; (4) a causal link between the retaliatory animus and the adverse action; (5) damages; and (6) causation." *Mamou v. Trendwest Resorts, Inc.*, 165 Cal. App. 4th 686, 713 (2008). Here, both retaliation claims essentially turn on the relationship between Plaintiff's allegedly unfair treatment (FEHA) / decision to take medical leave (CFRA) and the termination of her employment.

As with the discrimination claims above, Plaintiff's retaliation claims raise factual disputes that bar summary judgment. For example, the parties disagree as to whether Mergermarket was

even aware that Plaintiff would (1) undergo surgery in September 2022 and (2) take leave following her surgeries. Mot. at 25; Opp. at 153. The parties similarly dispute whether decisions regarding Plaintiff's bonus were tied to her corporate value or her email requests following Mergermarket's acquisition. Mot. at 26; Dkt. No. 51 at 15. And underlying both retaliation claims is the parties' fundamental and highly factual disagreement as to the actual reason for Plaintiff's termination—legitimate business reasons, as Defendants claim, or the retaliatory reasons that Plaintiff alleges. That fact-bound determination, however, is not appropriate for the Court to make at the summary judgment stage. Accordingly, the Court denies summary judgment as to Plaintiff's retaliation claims.

### 3. CFRA Interference Claim

Plaintiff alleges that Mergermarket prevented her from "exercising her right to take medical leave" and from "taking future leave" in violation of CFRA when it terminated her employment just twelve days before her scheduled surgery. Dkt. No. 51 at 10; Opp. at 30. Mergermarket argues that Appin is unable to "establish that she asked for and was denied leave." Mot. at 27.[3]

Under the CFRA, employers may not "interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right" provided by the CFRA. Cal. Gov't Code § 12945.2(q). In order to prevail on a CFRA claim, "[p]laintiff must show that: '(1) the defendant was an employer covered by the CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised [his] right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of [his] exercise of [his] right to CFRA leave.'" *Alejandro v. ST Micro Elecs., Inc*, 178 F. Supp. 3d 850,

---

[3] Defendants' summary judgment arguments seemingly focus on Plaintiff's January 2022 injury. Mot. at 27. However, Plaintiff's complaint addresses both "her past and future medical leave," including her scheduled September 2022 surgery. Dkt. No. 51 at 10. That said, the complaint seemingly pleads an interference argument only with regard to the September 2022 surgery. *See* Dkt. No. 51 at 10 ("Defendant interfered with Plaintiff's CFRA rights because they knew she was going to be needing surgery and they anticipated she would take leave. They terminated her employment twelve (12) days before said surgery was scheduled.").

11

864 (N.D. Cal. 2016) (quoting *Dudley v. Dep't of Transp.*, 108 Cal. Rptr. 2d 739 (2001)); *see Moore v. Regents of Univ. of California*, 206 Cal. Rptr. 3d 841, 869 (2016) ("A CFRA interference claim 'consists of the following elements: 1) the employee's entitlement to CFRA leave rights; and (2) the employer's interference with or denial of those rights.").

Mergermarket moves for summary judgment on Plaintiff's CFRA interference claim on the ground that "Appin cannot meet a basic element of her claims because she did not exercise her right to take or otherwise request qualifying leave." Reply at 16. Specifically, Mergermarket contends that "[t]o raise a triable issue of fact as to her CFRA interference claim, Appin must establish that she 'asked for and was denied leave.'" Mot. at 27 (quoting *Choochagi v. Barracuda Networks, Inc.*, 60 Cal. App. 5th 444, 455 (2020)). "Both the CFRA and the FMLA require the employee to provide notice to the employer of the employee's intent to take leave . . . . under the CFRA, '[t]he employee need not expressly assert rights under CFRA or FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the employee must state the reason the leave is needed.'" *Alejandro*, 178 F. Supp. 3d at 865 (quoting *Avila*, 82 Cal. Rptr. 3d at 446). Plaintiff contends that her manager, Yana Morris, was aware that she would undergo surgery in September 2022 such that the company was "on notice" of her forthcoming need for leave. Opp. at 30. The record is muddy on this point. Mergermarket acknowledges that "Plaintiff did inform her content editing team that she scheduled a surgery for August 29, 2022, and she referred to having a revision surgery in a September 7, 2022 communication with Yana Morris," Dkt. No. 153-1. However, Ms. Morris stated that "Ms. Appin [did] not inform[] me that her leg injury required any additional surgery at the time Mergermarket made the decision to terminate her employment or during our meeting on September 14, 2022." Dkt. No. 149-4. Since there is at least one material dispute as to whether Plaintiff Appin sufficiently provided notice as required under the CFRA, the Court denies summary judgment on Plaintiff's CFRA interference claim.

### 4. Wrongful Termination

Mergermarket argues that Plaintiff's wrongful termination claim is premised on and derivative of Plaintiff's discrimination and retaliation claims. Mot. at 27–28. Mergermarket therefore contends that it is necessarily entitled to summary judgment with respect to Plaintiff's

wrongful termination claim. Since the Court denied summary judgment as to Plaintiff's discrimination and retaliation claims and since Mergermarket offers no alternative arguments in favor of summary judgment on this claim, the Court denies Mergermarket's motion for summary judgment as to it.

### 5. Breach of Contract

Plaintiff's breach of contract claim is based on a comment from Mergermarket's CEO in 2018 that Defendants would "take care of" Plaintiff when she retired. Dkt. No. 51 at 17; Opp. at 10. Mergermarket argues that this claim fails as a matter of law because (1) the statement is not an enforceable contract and (2) a company can both "take care" of an employee in retirement and terminate the employee's employment. Mot. at 28. California law supports Mergermarket's position. *See Barton v. Elexsys Int'l, Inc.*, 73 Cal. Rptr. 2d 212, 218 (1998) (holding that a company's "*only* representation" made "in general terms" that executives "be taken care of" was "simply too vague and uncertain to constitute an enforceable contract."). *See also Shorter v. Peaches Uniforms, Inc.*, No. 2:10-CV-02232-MCE, 2013 WL 268708, at *5 (E.D. Cal. Jan. 23, 2013). Given the factual similarities between this matter and *Barton*, the Court finds that Mergermarket's vague promise to "take care of" Plaintiff is not an enforceable contract. Since Plaintiff's breach of contract claim fails as a matter of law, the Court grants Mergermarket's motion for summary judgment on this claim.

### 6. Punitive Damages

Plaintiff alleges that Defendants' actions "amount[ed] to 'oppression, fraud, or malice' under Government Code § 3294 so as to warrant an award of punitive . . . damages." Dkt. No. 51 at 8. Plaintiff cites Cal. Civ. Code § 3294, which allows for punitive damages only when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice" and limits corporate employer liability to instances where an officer, director, or managing agent has advance knowledge and consciously disregards, authorizes, or ratifies the wrongful conduct. "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Civ. § 3294(c)(1). "'Oppression' means

despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Civ. § 3294(c)(2). Finally, "[i]n the usual case, the question of whether the defendant's conduct will support an award of punitive damages is for the trier of fact, 'since the degree of punishment depends on the peculiar circumstances of each case.'" *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1053 (2009).

Here, Mergermarket moves for summary judgment on the ground that Plaintiff Appin cannot establish that Mergermarket engaged in any such fraudulent, oppressive, or malicious conduct. Mot. at 29. Having reviewed the evidence in the record, the Court cannot conclude as a matter of law at this stage that no reasonable jury could find clear and convincing evidence that Mergermarket acted with "willful and conscious disregard" of Plaintiff's rights (malice) or inflicted "cruel and unjust hardship" upon her "in conscious disregard" of her rights (oppression). *See* Cal. Civ. Code § 3294(c)(1)-(2). Instead, this is the "usual case" in which an assessment of whether Plaintiff's evidence can clear the high bar necessary to recover punitive damages must await the presentation of a full factual record at trial. *See Spinks*, 171 Cal. App. at 1053.

## V.   CONCLUSION

The Court DENIES Mergermarket's motion for summary judgment, Dkt. No. 149, as to Plaintiff's discrimination, retaliation, interference, and wrongful termination claims. The Court GRANTS summary judgment on Plaintiff's breach of contract claim.[4] The Court's summary judgment holdings here are based on the stringent standards for obtaining summary judgment in employment cases, and the Court expresses no view as to whether a jury ultimately will find Plaintiff's case persuasive. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1377–78 (9th Cir. 1987).

The Court further DENIES Plaintiff's motion for leave to amend, Dkt. No. 146, and GRANTS Defendant Ion Trading's second motion to dismiss, Dkt. No. 63. Finally, the Court

---

[4] The Court denies Plaintiff's request, under Federal Rule of Civil Procedure 56(d), for additional time for discovery. *See* Opp. at 33. Plaintiff has not met the plain requirements of a Rule 56(d) request. Specifically, Plaintiff has not demonstrated "by affidavit or declaration that for specified reasons, [she] cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d). Rather, Plaintiff broadly alleges that "Defendants have actively blocked Plaintiff's ability to prosecute her case." Opp. at 33. In light of this conclusory request and the ample discovery that Plaintiff has already conducted, the Court denies her Rule 56(d) request.

SETS a case management conference on February 11, 2025. The hearing will be held by Public Zoom Webinar at 2:00 p.m. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.

**IT IS SO ORDERED.**

Dated: 2/4/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge