UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L APPIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MERGERMARKET (U.S.) LTD., et al.,<br><br>        Defendants. | Case No. 23-cv-03372-HSG   (LJC)<br><br>**ORDER REGARDING FEBRUARY 21, 2025 SETTLEMENT CONFERENCE**<br><br>Re: Dkt. No. 191 |

This order addresses concerns that have arisen on the part of the Court in the lead up to and during the February 21, 2025 settlement conference held in this action. To address these concerns, this order describes what occurred and issues warnings to Plaintiff Ricky Appin and her counsel Sarah Nichols regarding the requirement to comply with the Settlement Conference Standing Order and reminds Nichols of her obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**I.  Background**

On February 5, 2025, this case was referred to the undersigned for a settlement conference. On the same day, a Clerk's Notice issued, which scheduled an in-person settlement conference for February 21, 2025 in the undersigned's courtroom and directed the parties to review the undersigned's Settlement Conference Standing Order. ECF No. 180. A week later, on February 11, 2025, counsel attended a telephonic pre-settlement conference call with undersigned to discuss preparation for the settlement conference and logistics, including any participant's request to attend the settlement conference via Zoom. ECF No. 189. At that time, the Court excused Defendant's representative, who was based in Ireland, from in-person attendance. *Id.* The Defendant's representative is not a witness in the case, and Plaintiff did not object to the

representative's participation via Zoom.  During the telephonic conference Plaintiff did not make a request to appear remotely.

On February 20, 2025, the day before the settlement conference, an operations manager for Nichols Law, P.C., one of the two firms representing Plaintiff, sent an email to the undersigned and her courtroom deputy, stating Plaintiff "will need to attend the settlement conference tomorrow remotely."  The informal request was denied, and Plaintiff was instructed that the Court would consider a formal request filed consistent with the procedures set forth in the Standing Order.  Later that day, Plaintiff's counsel Sarah Nichols filed a request, which was not presented as a joint stipulation or administrative motion but was styled as a letter.  ECF No. 190.  In the filing, Nichols requested that Plaintiff be permitted to attend the settlement conference virtually due to Plaintiff's disability and stated that "while Plaintiff initially believed she would be able to attend the settlement conference in person, she has since realized—due to the physical demands of travel and the timing of the conference—that in-person attendance is not feasible."  *Id.*  Nichols also represented that Defendants' counsel did not oppose the request but could not review the stipulation.  The undersigned denied the request, as it lacked a supporting declaration and contained only generalized assertions that failed to justify excusing Plaintiff from in person attendance.  ECF No. 191.  The settlement conference was held on February 21, 2025, and Plaintiff did not appear in person.  The undersigned discussed with Nichols the circumstances and reasons that Plaintiff failed to appear in person, and Plaintiff herself also appeared via Zoom and addressed the matter.

**II.     Discussion**

There are multiple sources for the Court's authority to issue sanctions, including various provisions of the Federal Rules of Civil Procedure, 18 U.S.C. § 401, which provides federal courts authority to punish contemptuous conduct, and the Court's inherent authority.  Relevant here, failure to comply with a judge's standing orders or violation of Rule 11 of the Federal Rules of Civil Procedure may result in sanctions.  *See* Civ. L. R. 1-5(o); Fed. R. Civ. P. 11(b).

The undersigned's Settlement Conference Standing Order states in the second sentence, "Settlement conferences are generally held in-person," and Paragraph E.2 of the Standing Order

sets forth a specific process to request to be excused from in-person attendance and to be permitted to appear via Zoom or telephone. Furthermore, this District's Civil Local Rule 1-5(o) states, "It is the policy of the Court to provide notice of any applicable Standing Orders to the parties before they are subject to sanctions for violating such orders." Plaintiff and her counsel Sarah Nichols are hereby given notice of the Settlement Conference Standing Order and they are forewarned that failure to abide by the Standing Order may result in sanctions.

Furthermore, Nichols is reminded of her obligations under Rule 11(b). Rule 11(b) states, "By presenting to the court a pleading, written motion or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that, among other things] . . . factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation[.]" A court may, on its own, order an attorney or law firm to show cause why conduct specifically described has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Furthermore, sanctions issued sua sponte by a court, absent a party's motion, "will ordinarily be imposed only in situations that are akin to a contempt of court." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001).

Here, the undersigned has concerns regarding the veracity of Nichol's February 20, 2025 filing, which requested that her client be excused from in-person attendance. The undersigned, however, will not issue an order to show cause at this time, recognizing the circumstances in which Nichols made her representations, her explanation the following day, the stringent standard that applies for such sanctions to issue sua sponte, and the greater priority at this point in time, which is to focus on exhausting all efforts to determine whether there is an avenue for the parties to resolve this action through a settlement agreement. Without a further response and hearing from Nichols, and a resolution as to whether the February 20, 2025 filing in fact violated Rule 11(b), Nichols is hereby reminded of her obligations under Rule 11, so as to address any possible

misrepresentations that may have occurred.

**IT IS SO ORDERED.**

Dated:  February 26, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge