UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPIN,

Plaintiff,

v.

MERGERMARKET (U.S.) LTD.,

Defendant.

Case No.  23-cv-03372-HSG

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 209

Pending before the Court is an omnibus administrative motion to seal materials associated with Plaintiff's opposition to the motion for summary judgment.  Dkt. No. 209 ("Mot.").  The Court GRANTS the motion.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

Under the local rules, the party seeking to file a document or portions of it under seal also "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." Civil L.R. 79-

5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. See Civil L.R. 79-5(c).

The parties seek to redact private medical information about the Plaintiff, as well as information about the compensation and termination of three non-party individuals. *See* Mot. at 3–4. The Court has confirmed that the redactions are narrowly tailored to the personal medical and financial information at issue. Although the document concerning Plaintiff's medical procedures is relevant to showing that her request for medical treatment related to her gender identity was initially denied, the "specific procedure is not relevant to the case." Mot. at 3. And as to the document regarding the compensation and termination of non-party individuals, the parties assert that "[t]his information is protected from disclosure by the laws of the countries" where the individuals reside. *Id.* at 4. The Court is therefore persuaded that there is a compelling reason for these redactions, and that this personal information is "not reasonably necessary for the public to understand the nature of the lawsuit." *Bene v. Wells Fargo of San Leandro*, No. 22-CV-06782-HSG, 2024 WL 332895, at *2 (N.D. Cal. Jan. 29, 2024) (permitting redactions of social security numbers, sensitive financial details, and other personal information). The Court therefore **GRANTS** the parties' motion to seal.

**IT IS SO ORDERED.**

Dated:   2/20/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2